JAMES DOCKRAY, *in Equity, versus* HARRIET L. MASON *& al.*

By virtue of section 1, chapter 61, of the Revised Statutes, (the provisions of which are in affirmance of well established doctrines in equity,) real estate, paid for by a debtor, and conveyed to another with intent to defraud creditors, is liable to be taken for the payment of debts contracted before said conveyance.

After a creditor, in such case, has exhausted all legal remedies, a court of equity will aid him in perfecting his title to the estate, and prevent his being injured by an outstanding fraudulent title.

The levy of an execution is not of itself sufficient to transfer real estate to which the debtor never had the legal title, but which is held in trust for him, but a court of equity will thereupon decree a conveyance of the legal title.

After such a levy, a fraudulent conveyance of the estate to one assisting in the fraud, will not affect the rights of the creditor.

The administrator of a deceased debtor need not be made a party to a bill seeking a decree, that real estate purchased by him in his lifetime, but conveyed to another with intent to defraud his creditors, and levied upon by one of them, shall be released by the person fraudulently holding the legal title.

BILL IN EQUITY.

The bill alleges, that Charles Mason, now deceased, September 19, 1854, gave to one Mitchell his promissory note for $435,24, payable in twelve months, for merchandize purchased of said Mitchell; that, before said note became due, Mitchell, for a valuable consideration, indorsed and transferred it to the plaintiff; that the plaintiff recovered judgment against Mason upon the note, and, Nov. 22, 1855, levied his execution upon certain real estate described in the bill; that said Mason, on the nineteenth day of April, 1855, had purchased the same real estate of Abigail M. Tolman, and paid for it with his own money, but, with the intention of defrauding his creditors, caused it to be conveyed to the defendant, Harriet T. Mason, then his wife, in whose name the title stood at the time of the levy; and, that the said Charles and Harriet T. Mason, by deed dated Nov. 23, 1855, but executed Dec. 7, 1855, without consideration, and with intent to de-

fraud the plaintiff, conveyed the real estate to Mary M. Tolman, the other defendant, who was cognizant of and assisted in the fraud.

The plaintiff prayed for general relief, and that the defendants be required to release and convey to him the estate levied on.

The defendants demurred to the bill.

*Henry Willis,* for plaintiff.

1. This Court sitting as a Court of Equity, has jurisdiction of this case under the statutes of Maine, both as the bill alleges fraud on the part of defendants and as the property described may be considered as being held in trust for Charles Mason by his wife, the said Harriet. R. S. of Maine, c. 77, §§ 8, 4, and the bill is not demurrable. *Hartshorn* v. *Eames,* 31 Maine, 93; U. S. Digest, vol. 13, p. 361, §§ 57, 58; Story on Equity, §§ 64, 65, 66, 73, 184 and note, 252, 333, 349, 351, 352, 353, 355, 369, 440, 1200 to 1205, and 1265.

2. The property having been purchased with the money of the husband, Charles. Mason, is subject to be taken in satisfaction of the claims of his creditor, the complainant. R. S. of Maine, c. 61, § 1; *Davis* v. *Herrick,* 37 Maine, 399; *Dewey* v. *Long,* 25 Vt., p. 564, also in (U. S. Digest, vol. 14, p. 325, § 68.) The levy in this case was the proper mode of acquiring an equitable title. Greenleaf's Cruise's. Digest, vol. 2, p. 520, note 3; U. S. Digest, vol. 13, p. 362, § 67.

3. The complainant having exhausted the remedies provided at common law, must now look to a court of equity to perfect his title to the demanded premises.

*Shepley & Dana,* for defendants.

1. As the debtor had not the legal title to the estate at the time of the levy, the complainant took no title by it. *Blood* v. *Wood,* 1 Met., 528; *Howe* v. *Bishop,* 3 Met., 27; *Haskell* v. *Hilton,* 30 Maine, 419, cited in *Houston* v. *Jordan,* 35 Maine, 535.

The levy being void, a court of equity cannot make it valid and enforce it.

2. The bill is defective because the administrator of Chas. Mason is not made a party to it. If alive, he would be an indispensable party. His estate is equally interested, and his administrator should be a party.

The opinion of the Court was drawn up by

TENNEY, C. J.—The case is presented on a demurrer to the bill; and, according to the statements therein, a gross fraud, upon the rights of creditors existing at the time of the transactions alleged, was attempted. Whether the relief sought by the complainant can be granted or not; as the parties and the bill are now presented, is the question.

As between Charles Mason and his wife, Harriet T. Mason, the latter held the estate, conveyed by Abigail M. Tolman, to her, in trust, resulting from the payment of the consideration alleged to have been made entirely by the husband, (2 Story's Equity, § 1201,) and was to be taken as his property, in payment of his debts, contracted before the purchase. R. S., c. 61, § 1.

The provisions of this statute are an affirmance of well established doctrines in equity, in cases of fraudulent conveyances, so far as these provisions have relation to creditors, who were so at the time of the fraudulent acts complained of. 2 Story's Eq., § 1265.

The statute referred to has prescribed no form of remedy, for cases falling within its provisions, in this respect, and we are to seek the process for obtaining the object, intended to be secured, that is ordinarily adopted in analogous cases. When a creditor cannot effectually reach the real estate which is equitably that of the debtor, by reason of a fraud committed by the debtor, and others, who may hold the legal title, courts of equity will aid the creditor, to enable him to obtain payment, when the legal remedies have proved inadequate. And, on the exhibition of such facts as show these remedies to have been exhausted, equity jurisdiction attaches. When real estate has been conveyed, and, under the laws of this State, the conveyance operates as a fraud upon the rights of

a creditor, established principles allow him to make a levy upon it, if he would have the assistance of a court of equity to enable him to obtain satisfaction from the estate itself, which has been thus fraudulently conveyed. Having done all in his power, in order to obtain a title, in the mode provided, a court of equity will prevent his being injured by an outstanding fraudulent title. *Webster* v. *Clark*, 25 Maine, 313.

The authorities cited for the defendants, are conclusive upon the point, that the extent of an execution upon real estate, to which the debtor therein had no legal title, but the legal title in the same is held as a resulting trust for his benefit, is not of itself sufficient to vest the legal estate in the creditor, against the trustee. But these authorities go no further. And the institution of this suit is to obtain a decree for a conveyance of the legal title to the complainant, which is held in fraud against the creditor in the execution, because, without such decree or relief in equity, he has no remedy.

The allegations in the bill, are, that the land upon which the levy was made, and other land adjoining, was purchased by Charles Mason, the plaintiff debtor, with his own means, of Abigail M. Tolman, which, by his procurement was conveyed to his wife by Abigail M. Tolman. This land, therefore, is in the condition stated in the statute referred to, and may be taken for the husband's debts, contracted before the conveyance.

It is further alleged in the bill, that the same real estate was fraudulently conveyed by Harriet T. Mason and her husband, Charles Mason, on Dec. 7, 1855, to Mary M. Tolman, the mother of Harriet T. Mason, without consideration, and with the fraudulent intent of depriving the complainant of the means of obtaining payment of the debt alleged to be against the said Charles Mason, and that the grantee in the deed aided in that fraud. This conveyance was after the complainant's levy, and it could have no operation to place the creditor in a position less favorable than he occupied before. Being authorized to take the land in payment of his debts, he certainly cannot be deprived of that right by a

conveyance, without consideration, designed to defraud him of his remedy.

It is objected to the maintenance of the bill, that the administrator of the estate of Charles Mason should have been a party thereto, assuming, that if he were living, he must have been a party. As between the grantors and the grantee in the deed from Mason and wife to Mary M. Tolman, the whole title passed. If the complaint should prevail on the statements in the bill, and he should have a decree, that Mary M. Tolman should convey to him, the estate of Mason could have no conceivable interest.

*Demurrer overruled.*

RICE, APPLETON, GOODENOW, DAVIS and KENT, JJ., concurred.