# Coffey, Adm'r., *v.* Norwood & Norwood.

*Bill in Equity by Judgment Creditor to Subject Assets Fraudulently Transferred.*

1. *When appeal lies.*—An appeal to this court lies from a final decree in chancery in favor of a judgment creditor, subjecting assets fraudulently transferred by his deceased debtor, whose estate has been declared insolvent, and against which the decree is ordered to be filed as a claim.

2. *Waiver of objection to appeal on account of defect in parties.*—When an appeal is taken in the name of one of several defendants, instead of all, it may be perfected by amendment; and the failure to raise the objection before the submission of the cause is a waiver of it.

3. *Parties to bill.*—The debtor himself, though he would be a proper party to a bill filed by a judgment creditor to reach and subject assets fraudulently conveyed or transferred by him, is not a necessary party, since the conveyance is binding on him, and the fraudulent transferree may set up any defense which the grantor might assert; and if the debtor is dead, and his estate has been declared insolvent, his personal representative is not a necessary party to the bill.

4. *Fraudulent conveyance.*—If a debtor, having sold and conveyed a tract of land, afterwards surrenders the note given for the purchase-money, indorsing satisfaction on it, without consideration, and for the declared purpose of defeating and defrauding his creditors, the transaction is void for actual fraud, consummated with the connivance of the maker of the note; and it will be set aside in equity, at the instance of a creditor, although part of his debt had not then accrued.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. S. K. McSpadden.

The appellees, John H. Norwood and W. H. Norwood, partners in the practice of law under the name of Norwood & Norwood, filed their bill of complaint against the appellant, John R. Coffey, as administrator of the estate of John B. Coffey, deceased, and, also, against the widow and heirs of said decedent. The bill alleged, substantially, that com-

[Coffey, Adm'r, v. Norwood & Norwood.]

plainants were judgment creditors of one Lavinia Kirby, for the sum of $1,000.00; that execution had been issued on their judgment against said Lavinia and returned "no property found;" that said Lavinia, being seized and possessed of certain lands set forth in the bill, had sold and conveyed said lands to John B. Coffey, the intestate of defendant, John R. Coffey, for the sum of $300.00, for which said Coffey gave her his promissory note, which was a lien on said lands; that, subsequently, said Lavinia, with the intent to defraud complainants and her other creditors, and being insolvent, caused an entry of satisfaction to be endorsed on said note and turned it over to said John B. Coffey, the maker thereof, although no payment had been made thereon, and said Coffey received said note with the intent to aid her in defrauding complainants and her other creditors; that said Lavinia had since died insolvent and leaving no property "of any account" except the purchase money of said land, and that said John B. Coffey had also died, and defendant, John R. Coffey, had been appointed administrator of his estate.

The prayer of the bill was, that the surrender and delivery of said note by Lavinia Kirby to John B. Coffey be declared fraudulent and void as to complainants; that an account be taken of the *amount due complainants on their judgment*; that a decree be rendered in their favor for *said amount* against John R. Coffey, as administrator of the estate of John B. Coffey; that *said amount* be declared a lien upon said lands, and, if necessary, that said lands be sold for the satisfaction thereof, and for general relief.

The answer of the defendants denied the allegations of fraud in the bill, and averred that said John B. Coffey had paid the note in full before its delivery to him. The defendants, also, demurred to the bill, because no administrator of the estate of Lavinia Kirby had been appointed or made a party plaintiff or defendant, and because the bill showed there were other creditors of said Lavinia who had not been made parties.

The demurrer was overruled and a decree rendered on the pleadings and proof granting the relief prayed for, and, it having been suggested and proven that the estate of John B. Coffey had been declared insolvent, it was directed that no execution or other process be issued for the collection of the decree, and that the same be certified to the Probate Court.

In this court, the complainants moved to dismiss the appeal, because "an appeal does not lie to the Supreme Court from a judgment or decree rendered against the representa-

tive of an insolvent estate," and because "the sole appellant, Coffey, as administrator, is not prejudiced by the decree and could not be benefitted by its reversal."

J. E. BROWN, and R. C. BRICKELL, for appellant.—The personal representative of the deceased debtor is an indispensable party.—*Powe v. McLeod*, 76 Ala. 418 ; *Pharis v. Leachman*, 20 *ib.* 662. If it be true, as alleged in the bill, that at the time of the surrender of the note and the death of Mrs. Kirby, she had no property but the note, then the note was exempt from liability for debt, and a creditor could not impeach any disposition she might make of it. *Wright v. Smith*, 66 Ala. 514 ; *Alley v. Daniel*, 75 *ib.* 403. The error in rendering a decree against the administrator of Coffey for the *amount of the judgment* against Mrs. Kirby, is manifest.

D. D. SHELBY, and NORWOOD & NORWOOD, *contra*.

SOMERVILLE, J.—1. Motion is made to dismiss this appeal, upon the ground that the statute does not authorize an appeal from a judgment or decree which is rendered against an insolvent estate, and certified to the Probate Court under the provisions of section 2881 of the present Code, 1876. There is nothing in this objection, and the motion to dismiss will be overruled. The statute allows appeals to the Supreme Court from any judgment or decree of the Chancery Court, except only in such cases as are otherwise directed by law.—Code, § 3916. The present decree settled all the equities litigated between the parties to the suit, and possessed every element and characteristic of a final judgment.—*Adams v. Sayre*, 76 Ala. 509. The declaration of the insolvency of John B. Coffey's estate did not affect the suit further than to authorize a special plea setting up this fact, so as to prevent the issue of any execution on the decree rendered, and to provide a new mode of collecting the judgment in another forum, to which it was, for this purpose, required to be certified.—Code, 1876, §§ 2580, 2581 ; *Cunningham v. Lindsey*, 77 Ala. 510. The finality of the decree is unaffected by this proceeding, or by section 2575 of the Code, as amended by the act of December 4, 1878, allowing the administrator, any creditor of the decedent, or heir or legatee, to contest claims against insolvent estates by filing objections in the Probate Court, and causing an issue to be made up between the claimant and the objector.—Acts, 1878, 1879, p. 69.

2. The other ground of objection, that the appeal was

taken in the name of one instead of all the defendants, comes too late. It could have been remedied by a counter motion to perfect the appeal by an amendment; and a failure of appellees to raise this objection, before the submission of the cause, is a waiver of it.— *Vaughn v. Higgins*, 68 Ala. 546, and cases cited.

3. The question is raised by demurrer in this case, whether the personal representative of the deceased judgment debtor was a necessary party defendant to the bill, the return of *nulla bona* having been made in the life-time of the debtor, and she being alleged to have died insolvent, and no administrator having been appointed on her estate.

The question is one upon which the authorities are in conflict. That the personal representative is a *proper* party in such cases is quite clear, and this much was settled in *Pharis v. Leachman*, 20 Ala. 662. But that case does not go further than to hold that no objection could be taken to his joinder as party defendant to a bill filed to reach equitable assets in the hands of a fraudulent grantee. The test must be, whether the fraudulent debtor, Mrs. Kirby, if living, would be a necessary party; for, if it would not be required to join her, neither would it be necessary to join her personal representative, in the event of her death. Would she, then, be a necessary party to this suit, if living, the return of "no property found" having been made on the judgment against her, and the allegation of her insolvency having been made in the bill? It is our opinion, that this question must be answered in the negative. The case is unlike that class of cases in which it is sometimes sought to enforce a debt against real estate, which is properly and primarily chargeable upon the personal assets, the realty being only an auxiliary fund. There it is commonly held, that the personal representative of the deceased debtor, as well as the heir or devisee, is an indispensable party, not only to take an account of the personal assets, and to disclose the alleged deficiency, but "also to make the decree attach primarily to the personal assets, and secondarily only to the real estate."—Story's Eq. Plead. (9th ed.), § 172. The personal representative is there interested, not only in the object of the suit, but in the subject-matter, and the decree rendered. So, if the legal title remained in the fraudulent grantor, only an equity being in the grantee, it is evident that the former would be a necessary party, in order to bring the legal title before the court. This was the case in *Powe v. McLeod*, 76 Ala. 418.

But these reasons have no application to a case where the fraudulent debtor has conveyed to the grantee or donee

his entire interest, legal and equitable, in the property sought to be subjected. The conveyance is binding on him, his heirs, and personal representatives, and is absolutely unassailable by them.—*Davis v. Swanson*, 54 Ala. 277. Neither the debtor, if living, nor, if he be dead, his personal representative, can enjoy any of the fruits of a successful prosecution of the suit to set aside the fraudulent conveyance ; for, after the complaining creditors' demand is satisfied, the remainder of the fund goes to the fraudulent grantee. The debtor, therefore, has no interest, legal or beneficial, either in the property sought to be subjected, or in the litigation having reference to it, except remotely and indirectly. Nor can the grantee be prejudiced in any manner by omitting to join the grantor, or his personal representative, as he can make any defense to the complainant's demand which the grantor, or the personal representative, could do if he were a party to the suit.—*Halfman v. Ellison*, 51 Ala. 543. This view is fully sustained by the case of *Houston v. Blackman*, 66 Ala. 559, where it was observed, that the fraudulent donee, having the right to make any defense which the debtor, or the personal representative could have done, and "as no decree is sought, or can be obtained, which will affect the rightful personal representative, though a proper, he is not a necessary party." It was further said : "It is only when the assets in the hands of the personal representative, as a general rule, may be affected by the decree, that he is an indispensable party " ; citing Story's Eq. Plead., § 177. This view has not been adopted by the Supreme Court of the United States, but is sustained by the weight of authority in the courts of the highest resort in the several States.—Bump. on Fraud. Convey. (3d ed.) 548 ; Wait on Fraud. Convey., § 136 ; *Taylor v. Webb*, 54 Miss. 36 ; *Smith v. Grim*, 26 Penn. St. 95 ; *Cornell v. Radway*, 22 Wis. 265 ; *Merry v. Freemon*, 44 Mo. 518 ; *Dockray v. Mason*, 48 Me. 178 ; Story's Eq. Plead. (9th ed.), § 233, note (c) ; *Gaylords v. Kelshaw*, 21 Wall. 81.; *Walker v. Powers*, 104 U. S. 245 ; *Buffington v. Harvey*, 95 U. S. 99.

In this case, as we have said, it is made to appear that there is no administrator of the estate of Mrs. Kirby, nor any estate to be administered, she having died insolvent. We hold that her personal representative was not an indispensable party to the maintenance of the present bill, although a proper party.

4. The testimony, in our opinion, shows satisfactorily that the transfer made by Mrs. Kirby, the judgment debtor, to John B. Coffey, was not only made without any consideration, he being a mere donee, but it was consummated

for the declared purpose of hindering, delaying, or defrauding other creditors of their just demands, and this was done with the connivance of the donee. It is a case of actual fraud on the part of the donor, participated in by the donee, and this vitiated the transaction as to the complainants, although a part of the debt, upon which the judgment is based, accrued after the transaction.—*Seals v. Robinson*, 75 Ala. 363 ; *Gardner v. Boothe*, 31 Ala. 186 ; *Stiles v. Lightfoot*, 26 Ala. 443.

The chancellor erred, however, in one important particular in the rendition of the decree. This decree against the estate of John B. Coffey should have been, not for the entire amount of the judgment recovered against Lavinia Kirby, but only for the amount of the note, fraudulently transferred by her, as the judgment debtor, to said John B. Coffey, with interest. This note was a lien on the land described in the bill, and to this lien the complainant is entitled to be subrogated. It bore date February 18, 1879, was for the sum of three hundred dollars, and seems to have been payable one day after date.

The decree will accordingly be reversed, and a decree will be rendered in this court, adjudging the complainant to be entitled to the relief prayed, to the extent of said note and interest, which, upon calculation to date, is the sum of five hundred 69-100 dollars ; for which amount a decree will be rendered against the defendant, John R. Coffey, as the administrator of the estate of John B. Coffey, deceased. This amount will be declared to be a lien on the land described in the second paragraph of the bill, for the satisfaction of which the register will proceed to sell the said land, after giving thirty days notice by advertisement in the usual mode; and he will report his action in the matter to the chancellor. From the proceeds of sale shall be paid the expenses of making the sale, and the costs of suit in the court below. It being made to appear that the estate of said Coffey has been declared insolvent, no execution shall issue on said judgment; but any balance remaining unpaid shall be certified to the proper Probate Court, in accordance with the requirements of section 2581 of the present Code.

The appellees will be taxed with the costs of this appeal.