# Southern Railway Company, *et al. v.* Hartshorn, *et al.*

## Creditor's Bill.

(Decided April 11, 1907.  43 So. Rep. 583.)

1. *Municipal Corporations; Action; Execution; Property Subject Thereto.*—Property owned and held by a municipal corporation for other than governmental purposes may be levied upon for the payment of debts.

2. *Creditor's Bills; Fraudulent Conveyance; Remedy of Creditors.* —A judgment creditor of a municipality may maintain a bill under section 818, Code 1896, to subject the property to his judgment, where the municipal corporation paid the consideration for the conveyance of the property to a railroad as a gift.

3. *Same.*—A judgment creditor is not precluded from maintaining his bill to reach property conveyed in fraud of creditors by the fact that he has a remedy against the city by mandamus to compel the city to levy taxes to pay his debts.

4. *Same.*—Where the property was conveyed between other persons, the municipality paying the consideration as a gift to the grantee, a bill by a judgment creditor of the municipality to reach the property thus conveyed need not join the grantor as a necessary party.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Acton C. Hartshorne and others against the Southern Railway Company and others. From a de-

cree overruling a demurrer to the bill and motion to dismiss the same, defendants appeal. Affirmed.

This was a bill by judgment creditors of the city of Decatur, Ala., a municipal corporation. The allegations material to this case are that certain parties therein named by deed conveyed to the Southern Railway Company a certain tract of land described in the bill, and that the city of Decatur furnished the purchase money and paid the purchase price of said lots, and caused the title to be taken in the name of the Southern Railway Company; and, if mistaken in this, it is averred in the alternative that the Ry. Co. did not pay for said lots or parcel of land with funds belonging to it, but with funds belonging to the mayor and city council of Decatur. It is also alleged that the purchase of the lot was made by the city of Decatur, which gave it to the Southern Railway Company as a gift. The court is asked to set aside the deed conveying the lot to the Southern Railway Company, and to hold it subject to the judgment of orator against the mayor and city council of Decatur, and that the Southern Railway Company account to orators for the value of all improvements made by it. Demurrers were filed by the Southern Railway Company as follows: "There is no equity in the bill. It does not appear that complainants have any lien on the said land. It is not alleged that the mayor and council of Decatur is insolvent. It does not appear that either of the defendants were guilty of any fraud in the transaction. It does not appear therefrom that the bill is filed in behalf of complainants and such other creditors of the defendant as may join in suit. It does not appear therefrom but that said money with which said land was purchased was loaned to defendant Southern Railway by its co-defendant. It does not appear therefrom that there exists in favor of complainants any trust in or upon said funds with which the land was purchased. It does not appear but that the municipal corporation had full power and authority to do the acts complained of, and that these acts were lawful." The mayor and city council of Decatur de-

murred, raising the question as to the nonjoinder of the grantors in the deed to the property described, and set up that they were proper parties complainant. Motion to dismiss and the demurrers were overruled, and the appeal is from this decree.

HUMES & SPEAKE, and CALLAHAN & HARRIS, for appellant.—Where a conveyance is sought to be set aside all the parties to the conveyance are necessary parties to the suit.—12 Cyc. 38. The charter of the city of Decatur was passed prior to the new constitution and hence, section 94 of said constitution does not apply. Complainants have an adequate legal remedy by mandamus to compel the city to assess property to pay the debt.—*White v. Mayor, etc.,* 119 Ala. 476; *Mayor v. Hurt,* 140 Ala. 395; 19 A. & E. Ency. of Law, p. 864; 16 Wall. 678; Ib. 667. The bill in this case does not allege any fraudulent transfer or conveyance nor any attempted fraudulent transfer or conveyance by the debtor. An allegation and proof of this is essential to any relief under section 818 Code 1896.—*Savage v. Johnson,* 125 Ala. 687.

JOHN C. EYSTER, and TENNIS TIDWELL, for appellee.— Under the facts alleged in the bill the conveyance was a gift from the city of Decatur to the Southern Railway. *McAnally v. O'Neil,* 56 Ala. 302; *Pickett v. Pipkin,* 64 Ala. 526; *Elliott v. Horne,* 10 Ala. 352. Such a conveyance being a gift and complainant's demands and judgment being prior to the date of the gift, equity will treat such a conveyance as a fraud per se and void as to existing creditors.—*Moore v. Stentz,* 6 Ala. 507; *Thomas v. deGraffenried,* 17 Ala. 611; *Foote v. Cobb,* 12 Ala. 591; *McAnally v. O'Neill, supra; Bibb v. Freeman,* 59 Ala. 615; *Scales v. Robinson,* 75 Ala. 369; *Early v. Owen,* 68 Ala. 174; *Rose v. Bromberg,* 88 Ala. 628; *Sides v. Scharff,* 93 Ala. 106; *McLaurin v. Anderson,* 109 Ala. 571; *Wooten v. Steele,* 109 Ala. 563. The bill is filed under section 818 and creditors without liens may go into chancery and subject property to the payment of their debts where such property has been fraud-

ulently conveyed.—*Evans v. Welch*, 63 Ala. 256; *Lehman v. Meyer*, 67 Ala. 403; *Cartwright v. Fullman*, 82 Ala. 177; *Henderson v. Farley*, 123 Ala. 555; *Carter v. Coleman*, 82 Ala. 181.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the chancellor overruling respondent's demurrer to the bill and motion to dismiss the same for want of equity. The bill is one by creditors, and is filed under section 818 of the Code of 1896. The demurrer is addressed to the bill as a whole. The averments of the bill, as to the alleged fraud, are made in the alternative. The bill, among other things, alleges that the complainants are judgment creditors of the respondent the mayor and council of the city of Decatur, a municipal corporation. The bill does not purport to be filed by the complainants as judgment creditors with lien, but as simple contract creditors, under section 818 of the Code. The bill avers that the land sought to be subjected to complainant's claims, and which was conveyed by Couch and others to the defendant the Southern Railway Company, was so conveyed at the instance of the defendant the mayor and council of the city of Decatur. The bill avers the purchase price, the consideration of the land so conveyed, was paid by the defendant the mayor and council of the city of Decatur, and was in fact, and so intended to be a gift or donation by the defendant the mayor and council of the city of Decatur to the defendant the Southern Railway Company.

It cannot be doubted, if the respondent municipality were an individual person, and, while indebted, paid the purchase price of the lands conveyed to the Southern Railway Company, as here charged, intending the same as a gift or donation, the transaction would be deemed fraudulent as to creditors, and the case would fall directly within the principles stated in *McAnally v. O'Neal*, 56 Ala. 302, and *Pickett v. Pipkin*, 64 Ala. 526. Can there be any difference in principle under the facts stated in the present bill, for the reason that the debtor making the gift or donation is a municipal

corporation? Under the facts averred it is evident that the land sought to be subjected to complainant's claims was never held or intended to be held by the municipality for governmental purposes. It can hardly be questioned that property, owned and held by municipal corporation other than for governmental purposes, may be levied upon for the payment of debts.—*Equitable Loan & Security Co. v. Edwardsville*, 143 Ala. 182, 38 South. 1016, 111 Am. St. Rep. 34. A court of equity, in dealing with a transaction, disregards mere forms, and always looks to the substance. If we regard the substance of the present transaction, the case as made by the bill would be the same as if the municipal corporation had held and owned the land in question, and other than for any public or governmental purpose, and, being indebted to the complainants, had made a deed of gift and thus donated the same to the defendant railroad company. It can hardly be questioned that such a voluntary conveyance would be a fraud in law upon existing creditors, and void as to such.

That the complainants may have a remedy at law by mandamus does not prevent the jurisdiction of a court of equity attaching in such a case.—*Henderson v. Farley*, 123 Ala. 555, 26 South. 226, 82 Am. St. Rep. 140; *Carter v. Coleman*, 82 Ala. 181, 2 South. 354; *Lehman v. Meyer*, 67 Ala. 402.

The grantors in the conveyance here assailed were not necessary parties defendant.—Bump on Fraudulent Conveyances, p. 550.

We find no error in the ruling of the chancellor, and his decree will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.