167 So. 310

**TROTTER et al. v. BROWN.**

6 Div. 776.

Supreme Court of Alabama.

Feb. 27, 1936.

Rehearing Denied April 9, 1936.

Wm. L. Chenault, of Russellville, and Fred Jones, of Hamilton, for appellants.

Travis Williams, of Russellville, for appellee.

Brief did not reach the Reporter.

FOSTER, Justice.

This is a bill in equity filed by Ella Brown on February 20, 1933. It alleges that Idelia Seay died on January 2, 1933, owing her a debt of $300, and that the bulk of her property was a note for $1,000 and mortgage on land to secure it, due her by one Lewis, and that she had attempted to transfer it to one of her children, E. L. Trotter. That it was a gift to her and void as against complainant, an existing creditor. It seeks a decree subjecting the mortgage to the satisfaction of her debt, praying a foreclosure by decree of the court and the payment of complainant's debt out of the proceeds.

The respondents demurred, assigning, among other grounds, that there is no administration on the estate of Idelia Seay shown; that it does not allege that the claim was duly filed or presented; that there is no personal representative made a party; and that six months have not expired since she died. A decree sustained that demurrer, and complainant amended by adding as a party complainant herself as administratrix of the estate, without alleging when she was appointed. The other allegations of the amendment need not be recited. Demurrer was on the grounds that the claim against the estate was not alleged to have been filed; that it was prematurely begun within six months; and that it does not seek a re-

moval to equity of the administration; and it was sustained. There was another amendment to which demurrer was sustained.

Finally a new bill was filed as an amendment. In it complainant sues only as administratrix; thereby she individually ceased to be a party. It contains the recitals as to the mortgage and the debt to Ella Brown. That the mortgage constituted all or substantially all of the property of decedent at the time of the transfer, and at the time of her death; that the attempted transfer was without consideration, and fraudulent as to creditors; that Ella Brown has filed her claim against the estate in the probate court where the estate is being administered; that she as administratrix has not been able to find any property with which to pay this debt; and that this court of equity has jurisdiction to require the note and mortgage to be delivered to this court and that the fraudulent transfer be declared null and void, and that it be foreclosed. Demurrer was overruled.

On failure to answer, a decree pro confesso and then a final decree were entered, from which this appeal was taken. So that relief was granted on a bill and demurrer to it was overruled in which the administratrix of a decedent fraudulent grantor seeks to vacate the transfer.

■ It was long ago held that because the administrator is the representative of the decedent and not of his creditors, such a bill will not lie at his instance. Davis v. Swanson, 54 Ala. 277, 25 Am.Rep. 678; Davis v. W. S. Stovall & Bro., 185 Ala. 173, 64 So. 586; Bell v. Goodwin, 220 Ala. 537, 126 So. 108.

■ If the transfer passes the legal title, the grantor is not a necessary party (and neither is his personal representative), but is a proper party, at the suit of a creditor in equity to vacate it and subject the property to the payment of the debt. Shelton v. Timmons, 189 Ala. 289, 66 So. 9; Coffey v. Norwood, 81 Ala. 512, 513, 8 So. 199; McClarin v. Anderson, 109 Ala. 571, 19 So. 982. But if the legal title remained in the fraudulent grantor, he is a necessary party to bring that title before the court. Coffey v. Norwood, supra, 81 Ala. 512, 515, 8 So. 199. The bill also seeks a foreclosure of the mortgage in which all persons who have a legal or equitable interest in the property (real estate) should be made parties. Huggins v. Hall, 10 Ala. 283; Thompson v. Campbell, 57 Ala. 183, 190; Welsh v. Phillips, 54 Ala. 309, 315, 25 Am.Rep. 679.

■■ The last bill to which complainant was driven is without equity, and the demurrer to it should have been sustained because by it the personal representative is seeking to set aside the fraudulent conveyance and no such equity exists in her representative capacity. So that the decree will have to be reversed, but we do not think it should be dismissed because Ella Brown individually may maintain the suit, with the administrator a party. Transfer did not pass the legal title. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Langley v. Andrews, 132 Ala. 147, 31 So. 469.

While an administrator of the estate is a necessary party, as we have shown, because the transfer did not convey the legal title, he should not be a complainant, because he is not entitled to relief, and the bill is not to that extent saved against demurrer on account of section 6645, Code. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084.

In this instance, the complainant Ella Brown is also administratrix. But her personal interest is adverse to that of the estate, so that an administratrix ad litem under section 6057, Code, should be appointed by the court to represent the estate, and be made a party respondent. Cannon v. Birmingham Trust & Savings Co., 212 Ala. 316, 102 So. 453.

■ It is not necessary that there shall have been an administrator appointed prior to the institution of this suit. That circumstance is not of the essence of the cause of action. If there is no administrator and the estate must be represented, section 6057, Code, applies. The question is not affected by the rule in Whitman v. Whitman, 223 Ala. 557, 137 So. 666; Harper v. Raisin Fert. Co., 158 Ala. 329, 48 So. 589, 132 Am.St.Rep. 32.

It must be remembered that this suit is not for the benefit of decedent's estate, directly or indirectly, and it is not affected by the fact that the personalty of a decedent vests in the personal representative, who must sue for it when a suit is necessary. The administratrix is here a necessary party in equity merely because the

deceased grantor did not execute the assignment so as to convey the legal title.

The decree of the circuit court in equity is reversed, and the cause is remanded, with leave to amend the bill so that complainant may proceed as she began, with a suit by her individually to set aside the transfer in which an administrator ad litem should be joined as a party for the reasons which we have stated.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, Justice.

We did not affirm in the former opinion that the creditor is compelled to administer on the estate of a deceased fraudulent grantor in order to set aside the conveyance for fraud, and collect the debt out of such property. If the grantor conveyed the legal title by the conveyance, no administrator is necessary, nor need the estate be represented by an administrator ad litem. This was shown in our opinion. But if the legal title did not pass, the estate of deceased must be represented in such a suit. If there is no administrator, the estate may be represented by an administrator ad litem. Section 6057, Code.

If the creditor is the administratrix, she, as such creditor, not as administratrix, may have relief in equity, and when, as here, the estate must be represented, and her interest as creditor is antagonistic to her interest as administratrix, her right to sue as such creditor is not affected, but under section 6057, Code, an administrator ad litem is necessary. And though in her suit a failure to comply with the statute of nonclaim (Code 1923, § 5814, as amended by Laws 1931, p. 839) is ordinarily a defense, it is not so when there is no administration of the estate. Merchants' National Bank v. McGee, 108 Ala. 304, 19 So. 356.

With this explanation, we think there should be no confusion as suggested in the application for rehearing.

Application overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.