298 So.2d 604

**GILMORE, FARRIS AND ASSOCIATES, INC., a corporation**

v.

**PICKENS COUNTY NURSING HOME, INC., a corporation, et al.**

**SC 740.**

Supreme Court of Alabama.
Aug. 1, 1974.

judges thereof will be required to have a license to practice law.

**611**

Curry & Kirk, Carrollton, for appellees Pickens County Nursing Home, Inc., a Corp., and The Medical Clinic Board of the Town of Reform, a Corp.

Inzer, Suttle, Inzer & Pruett, Gadsden, for appellee The American National Bank of Gadsden.

Rosen, Wright, Harwood & Albright, P. A., Tuscaloosa, for appellee Fountain Homes, Inc.

B. G. Robison, Jr., Carrollton, Thomas F. Parker, Montgomery, for appellant.

FAULKNER, Justice.

This case was tried before the adoption of the Rules of Civil Procedure. This is an appeal from the judgment of the trial court dismissing the bill of complaint as amended. The sole assignment of error is that the court erred in its judgment.

On November 1, 1967, a judgment was rendered by the Circuit Court of Montgomery County in favor of Gilmore, Farris and Associates against the Pickens County Nursing Home for $6,500 plus costs. The certificate of judgment was filed in office of the Judge of Probate of Pickens County on July 26, 1968. Execution was duly issued on the judgment and returned by the sheriff, "No property found."

Pickens County Nursing Home, Inc., a corporation, was organized under the laws of Alabama on July 11, 1962. It was dissolved by the stockholders on September 13, 1966. The dissolution instrument was filed in the Probate Judge's office in Pickens County on October 7, 1967. Pickens County Nursing Home deeded certain described real estate in Pickens County to the Medical Clinic Board of the Town of Reform on May 23, 1966, in consideration of $50,000. This deed is the subject matter of this suit. It is claimed by Gilmore that the deed was a fraudulent conveyance. The prayer for relief sought to have the deed declared null and void.

■ The principal issue is whether Pickens County Nursing Home (the grantor) is a necessary and indispensable party to the bill to have the conveyance set aside. It is without dispute in the pleadings that Pickens County Nursing Home is a nonentity. Title 10, § 21(86), Code of Alabama 1940, Recompiled 1958. No petition for continuance beyond the five-year period in accordance with the statute was filed. Any action against the Pickens County Nursing Home is abated and was properly dismissed. Gary Furniture and Appliance Co., Inc. v. Skinner, 288 Ala. 617, 264 So. 2d 174 (1972). However, Gilmore's case does not sink or swim because no action against Pickens County Nursing Home will lie. It is a proper party to the suit but it is not a necessary and indispensable party thereto. The deed to the Medical Clinic Board of the Town of Reform from Pickens County Nursing Home passed the legal title to the property.

■ This court said in Trotter v. Brown, 232 Ala. 147, 167 So. 310 (1936):

"If the transfer passes the legal title, the grantor is not a necessary party . . . but is a proper party, at the suit of a creditor in equity to vacate it and subject the property to the payment of the debt. [Citing cases] But if the legal title remained in the fraudulent grantor, he is a necessary party to bring that title before the court."

It was error to dismiss the action against the Medical Clinic Board of the Town of Reform, the grantee named in the deed. The grantee cannot be prejudiced by not having the grantor joined in the lawsuit. The grantee can set up any defense to the demand of Gilmore, the judgment creditor, which the grantor Nursing Home could set up if it were a party to the suit. Coffey, Adm'r. v. Norwood & Norwood, 81 Ala. 512, 8 So. 199 (1886); Headley v. Headley, 264 Ala. 383, 88 So.2d 341 (1956).

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX and McCALL, JJ., concur.