George M. Simmons ("Simmons") and Simmons Machinery Company, Inc. ("Corporation"), grantors in conveyances found to be fraudulent by the trial court, appeal from the trial court's "Order of Final [Summary] Judgment." Neither the George M. Simmons Trust ("Trust"), the grantee in all of the conveyances found to be fraudulent, the trustee thereof, nor any of the beneficiaries of the Trust appeal. The sole appellee is the plaintiff, Clark Equipment Credit Corporation ("Clark"), the creditor of Simmons and the Corporation.
The grantee, where it still retains title to the property (as the Trust did in this case), is a necessary party to an action by the grantor's creditors to set aside a conveyance as fraudulent. Kimball v. Greig, 47 Ala. 230 (1872); 2 Moore on Fraudulent Conveyances § 67, at 822 (1908); 1 Glenn, Fraudulent Conveyances and Preferences § 127, at 243 (1940); see alsoGilmore, Farris Associates, Inc. v. Pickens County NursingHome, Inc., 292 Ala. 610, 298 So.2d 604 (1974). Grantors in a conveyance assailed as being fraudulent are not necessary parties defendant. Southern Ry. v. Hartshorne, 150 Ala. 217,43 So. 583 (1907). "The only time the debtor [grantor] is a necessary party is when he has an outstanding interest in the property that was not included in the fraudulent conveyance." 1 Glenn § 127(a) at 245.
 "This court said in Trotter v. Brown, 232 Ala. 147
[149], 167 So. 310 [311] (1936):
 " 'If the transfer passes the legal title, the grantor is not a necessary party . . . but is a proper party, at the suit of a creditor in equity to vacate and subject the property to the payment of the debt. [Citing cases.] But if the legal title remained in the fraudulent grantor, he is a necessary party to bring that title before the court.' "
Gilmore, Farris Associates, Inc. v. Pickens County NursingHome, Inc., 292 Ala. at 612, 298 So.2d at 606.
Legal title to the property conveyed by Simmons to the Trust did not remain in Simmons, and legal title to the property conveyed by the Corporation to the Trust did not remain in the Corporation. Therefore, Simmons and the Corporation were not necessary parties, and they do not have an interest in the subject matter sufficient on appeal to challenge the trial court's finding that the conveyances were fraudulent.
Mr. Justice Beatty, in Sho-Me Motor Lodges, Inc. v.Jehle-Slauson Construction Co., 466 So.2d 83, 88 (Ala. 1985), wrote:
 "Who may appeal from a judgment? Ordinarily, one who is not a party to a cause cannot appeal. Security Life Accident Ins. Co. v. Crescent Realty Company, 273 Ala. 624, 143 So.2d 441 (1962); Hunt v. Houtz, 62 Ala. 36 (1878). Moreover, when an error applies only to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal. Rush v. Heflin, 411 So.2d 1295
(Ala.Civ.App. 1982); Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771 (1967). Although Southern Roof is a third-party defendant in this case, plaintiff Sho-Me is in no way aggrieved by the summary judgment entered in Southern Roof's favor and against Jehle-Slauson. Jehle-Slauson filed a third-party complaint against Southern Roof, seeking indemnity for any liability it might have to Sho-Me. Sho-Me has not asserted any claim directly against Southern Roof, and it has not been shown to us that Sho-Me has any interest in Jehle-Slauson's third-party action. When summary *Page 400 
judgment was entered against it as to the third-party complaint, Jehle-Slauson, though it was the party aggrieved by that judgment, did not appeal. Sho-Me, for aught that appears, has looked to Jehle-Slauson for its recovery, and has been indifferent to the manner and means by which Jehle-Slauson, in turn, might protect itself. Fuller v. Branch County Commission, 520 F.2d 307
(6th Cir. 1975); Bryant v. Technical Research Co., 654 F.2d 1337 (9th Cir. 1981).
 "Because Sho-Me was not a party aggrieved by the judgment entered against Jehle-Slauson in its third-party claim against Southern Roof, it could not appeal from that judgment. Therefore, the motion of Southern Roof to dismiss Sho-Me's appeal of that judgment must be, and is, granted."
The Trust, which was a necessary party to challenge the trial court's finding that the conveyances were fraudulent, is not a party to this appellate proceeding. Therefore, we will not review the trial court's finding that the deeds from Simmons to the Trust were fraudulent or its finding that the deed from the Corporation to the Trust was fraudulent. Jemison v. Brown,281 Ala. 281, 202 So.2d 44 (1967), cert. denied 389 U.S. 1043,88 S.Ct. 785, 19 L.Ed.2d 834 (1968). Moreover, where, as here, there are no disputed facts relating to the primary issue of setting aside the conveyances, the appellee is entitled to a judgment as a matter of law.
The trial court did err in its finding that the property the Corporation conveyed to the Trust was property out of which Clark could satisfy its judgment against Simmons. This would require a piercing of the corporate veil and a finding that Simmons was the alter ego of the Corporation, which is usually a question for the trier of fact, Baldwin County Savings andLoan Association v. Chancellor Land Co., 533 So.2d 217
(Ala. 1988); Hamrick v. First National Bank of Stevenson,518 So.2d 1242 (Ala. 1987).
The trial court erred in granting the summary judgment motion permitting the piercing of the corporate veil. Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state.Co-Ex Plastics, Inc. v. Alapak, Inc., 536 So.2d 37 (Ala. 1988).Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala. 1981). The mere fact that a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity. Messick v. Moring, 514 So.2d 892 (Ala. 1987); Forester Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala. 1982). The fact that a corporation is under-capitalized is not alone sufficient to establish personal liability. Co-Ex Plastics, Inc. v.Alapak, Inc., supra; East End Memorial Association v. Egerman,514 So.2d 38 (Ala. 1987). To pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences. Washburn v.Rabun, 487 So.2d 1361 (Ala. 1986); Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975).
The only evidence before the trial court in this case that in any way tends to support a judgment piercing the corporate veil is Simmons's testimony that he owned from 70% to 80% of the stock of the Corporation in 1980. Majority stock ownership, alone, however, is not sufficient for piercing the corporate veil. Co-Ex Plastics, Inc. v. Alapak, Inc., supra; Messick v.Moring, supra; Washburn v. Rabun, supra.
The evidence does not show that Simmons dominated the Corporation. Even if he did dominate it, the evidence does not show that he misused his dominant position to cause harm to Clark. Where the law recognizes one-man corporations, it is obvious that the law accepts the fact of domination by one person. See Ala. Code 1975, §§ 10-2A-90, 10-2A-58, 10-2A-57;Co-Ex Plastics, Inc. v. Alapak, Inc., supra. Therefore, mere domination cannot be enough for piercing the corporate veil. There must be the added elements of misuse of control and harm or loss resulting from it. Messick v. Moring, supra; Washburnv. Rabun, supra. *Page 401 
The corporate veil may be pierced where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation. See, e.g., Forester Jerue,Inc. v. Daniels, supra; Hamrick v. First National Bank ofStevenson, supra; Deupree v. Ruffino, 505 So.2d 1218
(Ala. 1987); Messick v. Moring, supra; East End MemorialAssociation v. Egerman, supra.
There was no evidence before the trial court in this case that the Corporation was established as a subterfuge, that it did not comply with corporate laws, that it kept no corporate records, that it maintained no corporate bank account, that it had no employees, that the Corporation's money and Simmons's money were commingled, or that the Corporation was not held out to the public as a corporation. There certainly is no evidence that Clark was deceived by its corporate existence. Clark knew of the corporate existence and contracted with the Corporation as a corporation. Clark recognized a distinction between the Corporation and Simmons by asking for and obtaining Simmons's personal guaranty. The separate existence of the Corporation certainly was not shown to be a fraud on Clark.
In the absence of undisputed evidence that some or all of these factors existed, the trial court could not conclude that there was no genuine issue of fact and that piercing the corporate veil was required as a matter of law. There clearly was an issue of fact on this subject, and the trial court's judgment based on a theory of piercing the corporate veil clearly cannot be sustained.
The property conveyed by the Corporation to the Trust was mortgaged by the Trust and the mortgage was foreclosed. Clark did not attempt to set aside the mortgage, but sought to execute on the equity of redemption. Clark can do this to satisfy its judgment against the Corporation only. Clark can execute on the property conveyed by Simmons to the Trust and on Simmons's stock in the Corporation, which may have more value with the Corporation owning the equity of redemption, but Clark cannot execute on the Corporation's equity of redemption to satisfy its judgment against Simmons, unless the trier of fact determines that Simmons was the alter ego of the Corporation and that the corporate veil can be pierced.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.