HOUSTON, Justice
(concurring specially).
I concur to affirm the judgment setting-aside as fraudulent the conveyance of 150 acres of land from Fritz Pierce (who died before this action was filed) to the defendants, Minnie T. Pierce and her deceased husband, Fred. The plaintiffs claim, being equitable in nature, survived against the personal representative of Fritz Pierce’s estate. See Ala.Code 1975, § 6-5-464(b):
“All claims equitable in nature upon which no action has been filed shall survive in favor of and against the personal representatives, heirs, or successors of deceased persons who, but for their death, could have enforced such claims or against whom such claims could have been enforced.”
(Emphasis added.) However, contrary to the argument made by the defendants, it was not necessary for the personal representative of Fritz Pierce’s estate to be named as a party defendant. See Simmons v. Clark Equipment Credit Corp., 554 So.2d 398, 399 (Ala.1989), wherein this Court stated:
“The grantee, where it still retains title to the property ..., is a necessary party to an action by the grantor’s creditors to set aside a conveyance as fraudulent. Kimball v. Greig, 47 Ala. 230 (1872); 2 Moore on Fraudulent Conveyances § 67, at 822 (1908); 1 Glenn, Fraudulent Conveyances and Preferences § 127, at 243 (1940); see also Gilmore, Farris & Associates, Inc. v. Pickens County Nursing Home, Inc., 292 Ala. 610, 298 So.2d 604 (1974). Grantors in a conveyance assailed as being fraudulent are not necessary parties defendant. Southern Ry. v. Hartshome, 150 Ala. 217, 43 So. 583 (1907). ‘The only time the debtor [grantor] is a necessary party is when he has an outstanding interest in the property that was not included in the fraudulent conveyance.’ 1 Glenn § 127(a) at 245. ‘This Court said in Trotter v. Brown, 232 Ala. 147 [149], 167 So. 310 [311] (1936):
“ ‘ “If the transfer passes the legal title, the grantor is not a necessary party ... but is a proper party, at the suit of a creditor in equity to vacate and subject the property to the payment of the debt. [Citing cases.] But if the legal title remain in the fraudulent grantor, he is a necessary party to bring that title before the court.” ’ ”
“Gilmore, Farris & Associates, Inc. v. Pickens County Nursing Home, Inc., 292 Ala. at 612, 298 So.2d at 606.”