44  353
81  690
44  353
83   48
44  353
f131 656
44  353
f141 459

POTTER ET AL V. PHILLIPS ET AL.

1. **Conveyance**: WHEN FRAUDULENT: LIEN OF JUDGMENT. Where, after the filing of an opinion in the Supreme Court, affirming a judgment of the court below, the judgment debtor conveyed a large amount of real estate to his son and grand children, in consideration of love and affection and a small nominal consideration expressed, and it did not appear that any consideration was actually paid, it was *held* that such conveyance was fraudulent and would not defeat the lien of the judgment.

2. ———: PARTIES: PRACTICE. A fraudulent grantor is not a necessary party to an action against his grantees to set aside a conveyance alleged to be in fraud of his creditors.

*Appeal from Jackson District Court.*

WEDNESDAY, OCTOBER 18.

ON the 24th day of December, 1872, the plaintiffs commenced this action in the Jackson District Court, to restrain the defendants from selling under execution, issued upon a judgment against Elbridge G. Potter, in favor of the defendant, Seuleria Phillips, certain lands which plaintiffs claim are their property, described in the petition as follows:

The NW ¼ of section 16, and the SW¼ and the S ½ of NW ¼, and the SW ¼ of the NE ¼ of section 9, the NE ¼ of section 16, the SE ¼ and the E½ of the NE ¼ of section 9, and ten acres in the SE corner of section 4, all in township 86 north, of range 4 east of the 5th principal meridian. Relief is asked upon two grounds:

*First.* That the property in controversy was conveyed to plaintiffs by their grandfather, Elbridge G. Potter, in consideration of natural love and affection, and a further consideration paid by their father Lucius B. Potter, at a time when the suit of *Seuleria Phillips v. Elbridge G. Potter* in which the judgment was rendered in the Supreme Court, under which the property has been levied on, had been terminated by a decree in the District Court in favor of Elbridge G. Potter, and the decree had not been appealed from.

*Second.* That prior to the issuing of the execution in ques-

tion, the judgment of Seuleria Phillips against Elbridge G. Potter had been fully satisfied, and discharged of record. Afterward the plaintiffs amended their petition, alleging that the northeast fourth of the northeast fourth of section nine, and the southwest fourth of section ten, and the east half of section nine, in the original petition described, never was owned by Elbridge G. Potter, but were owned and sold and conveyed to petitioners for a valuable consideration by one Lucretia Potter, the wife of Elbridge.

Pending the trial the defendants admitted that the land described in plaintiff's amended petition never was owned by Elbridge G. Potter. The defendants deny that any valid conveyance of the property in question was made to plaintiffs, and deny that the judgment under which the property was levied upon has been satisfied.

· July 15th, 1873, Monroe & Deery filed a petition of intervention, claiming that in virtue of an attorney's lien for general balance of compensation, and an assignment from Seuleria Phillips, they own one-fourth of the judgment of *Phillips v. Potter*, and that to that extent at least the judgment is a subsisting lien upon the property of Elbridge G. Potter.

The court decreed that the conveyance to plaintiffs and the satisfaction of the judgment in favor of Seuleria Phillips against Elbridge G. Potter are fraudulent, and dismissed plaintiffs' petition and dissolved the temporary injunction, theretofore granted. The plaintiffs appeal.

*W. E. Leffingwell* and *Graham & Cady*, for appellants.

*Monroe & Deery* and *C. M. Dunbar*, for appellees.

DAY, J.—I. On the 29th of March, 1872, in the Supreme Court of this State, the defendant, Seuleria Phillips, recovered a judgment against Elbridge G. Potter, for $3,645.50, and costs. On the 29th of September, 1870, one A. J. Dorchester, in the District Court of Jackson county, recovered a judgment against Seuleria Phillips, for the sum of $329.55 and costs.

On the 5th of October, 1870, this judgment was assigned

to Elbridge G. Potter. On the 15th of August, 1871, this judgment was assigned to L. B. Potter, by bill of sale.

On the 1st day of May, 1872, L. B. Potter assigned this judgment to one Orrin Smith. Smith, thus having control of a judgment against Seuleria Phillips, caused execution to issue thereon on the 9th day of August, 1872, which, on the 17th of the same month, was levied upon the judgment in the Supreme Court, in favor of Seuleria Phillips against E. G. Potter. This judgment was appraised, and on the 9th day of September, 1872, the interest of Seuleria Phillips therein was sold to Orrin Smith for $425.24, and the execution was returned satisfied. On the same day the sheriff of Polk county executed to Orrin Smith a bill of sale, transferring to him all the right, title and interest of Seuleria Phillips in said judgment, which bill of sale was filed in the office of the clerk of the Supreme Court, September 9th, 1872. Smith, thus possessed of the judgment of *Phillips v. Potter*, presented it to L. B. Potter, the son and business manager of Elbridge G. Potter, and demanded payment. The evidence is positive that L. B. Potter paid to Smith the whole amount of this judgment, less the amount of Monroe & Deery's claim for fees. Satisfaction of this judgment was executed by Smith, September 25th, and filed in the office of the clerk of the Supreme Court, October 8th, 1872. Appellees claim that, "the scheme and contrivance by which it is sought to be made to appear that Orrin Smith purchased at sheriff's sale the judgment of Mrs. Phillips against E. G. Potter, were conceived and consummated in fraud of the boldest and most audacious character," and that the payment of this judgment to Smith was "a mere farce, a neat bit of acting got up for the occasion."

If we were justified in entirely ignoring the testimony and entering the domain of fancy and imagination, we might so hold. But, before we could do so, we must find that three unimpeached witnesses, Dorchester, Smith and Wynkoop, have committed positive and deliberate perjury, and we must disregard many collateral circumstances tending to render their testimony probable. The task which appellees would impose upon us is greater than we feel able to perform. It

may be that the truth is as they claim; if so, it is their misfortune that they have not been able to introduce proof to establish it. We must follow the testimony, and not mere conjecture.

No desirable purpose would be accomplished by a lengthy review of the testimony. A careful reading and re-reading of it satisfies us that the evidence very largely preponderates in favor of the conclusion that Smith acquired the ownership of Seuleria Phillips' interest in the judgment, by purchase at sheriff's sale, and that L. B. Potter, in behalf of E. G. Potter, paid off the judgment in full, less the lien of Monroe & Deery for their fees. It is not claimed by appellants that the one-fourth interest of Monroe & Deery has ever been satisfied.

II. We are further convinced from the testimony, that the conveyance to these plaintiffs is, as to the unsatisfied portion of the judgment of *Phillips v. Potter*, fraudulent. The original opinion of the Supreme Court, in *Phillips v. Potter*, reversing the decree of the court below in favor of defendant, was filed April 18th, 1871.

1. CONVEYANCE: when fraudulent: lien of judgment.

Potter, within the time by rule prescribed, filed a petition for rehearing, which was overruled on the 29th day of March, 1872. On the 15th day of August, 1871, after the Supreme Court had announced an opinion adverse to Potter, and while his petition for rehearing was pending, he conveyed 1450 acres of land to his four minor grandchildren, in various quantities, and 620 acres for life to his son, L. B. Potter, with remainder to his four grandchildren jointly. This embraced all the real estate he possessed. On the same day he executed a bill of sale to his son, L. B. Potter, of all his personal property of every kind and character. The consideration expressed in the deeds to the grandchildren is natural love and affection, and $2,000; that in the deed of 620 acres is $100. We cannot find that any consideration was paid for the conveyances. We have no doubt from the time and circumstances of their execution, that they were intended to defeat the collection of the Phillips judgment.

III. It is urged, however, that E. G. Potter is a necessary

party to an inquiry respecting the validity of these convey-
ances. Whilst a proper party, we do not see
wherein he can be regarded as a necessary party.

2. ——: parties: practice.

Whether the conveyances were fraudulent or in good faith,
the property has irrecoverably passed beyond his control. In
no way can he be prejudiced, in a legal sense, by a determina-
tion which subjects the property to the payment of his debts.

Some of the authorities cited by appellants hold the fraudu-
lent grantor to be a necessary party to a suit to set aside a
conveyance, as in fraud of the rights of creditors; but the
point seems to have received but little attention, and, to our
minds, no good reason has been given for the holding.

The decree of the court below will be modified so far as to
restrain the defendant, Seuleria Phillips, from enforcing any
portion of the judgment by execution.

The intervenors, Monroe & Deery, have an attorney's lien
upon, and an assignment of one-fourth part of the judgment.
To this extent the judgment has never been satisfied. They
will be permitted to enforce their claim against the property
in controversy, together with the costs of the original case
down to the time of issuing the execution attempted to be
enjoined in this case.

The defendant, Seuleria Phillips, will pay three-fourths of
the costs, and the plaintiffs one-fourth.

Thus modified, the decree of the court below is

AFFIRMED.