SMALL v. SOMERVILLE ET AL.

1. **Injunction**: MOTION TO DISSOLVE: PRACTICE. Under the facts and pleadings of this case, it was held that the injunction was improvidently granted and was rightly dissolved on motion.

*Appeal from Madison Circuit Court.*

MONDAY, APRIL 24.

ACTION in equity in which an injunction was obtained and dissolved on motion. From the order dissolving the injunction the plaintiff appeals.

*Polk & Seevers* and *H. McNeil*, for appellant.

*Ruby & Wilkin*, for appellees.

SEEVERS, CH. J.—The petition states that in 1879 the plaintiff was the owner of certain real estate which he, for a

1. INJUNC-
TION: motion
to dissolve:
practice.

valuable consideration, conveyed to one Snyder, and that he covenanted to warrant and defend the title to Snyder against all persons except a certain mortgage. That Snyder was placed in possession of the real estate and he is " still in truth and in fact the *bona fide* owner in fee simple thereof, and is still in the actual occupancy thereof, and holding, using, and occupying the same as his own." That afterward the defendant, Somerville, recovered a judgment against the plaintiff and has caused an execution to be issued thereon, which she placed in the hands of her co-defendant as sheriff, who, under her directions has levied on real estate, and has advertised the same for sale to satisfy said execution.

" That although said defendants, nor neither of them, have any right in law to sell said real estate under said execution to satisfy the same or any part thereof, still if they, or either of them, shall be allowed to do so, it will cast a cloud upon

said Snyder's title to said real estate and will subject the plaintiff to great trouble and expense, ultimately, to have said cloud removed and make good his warranty to said Snyder."

The relief asked is, that defendants be " enjoined and restrained from selling or attempting to sell any part of said real estate * * * to satisfy said execution * * * and on the final hearing he prays that said injunction be made perpetual, and prays for such other relief in the premises as to equity belongs and his cause requires." The principal defendant, Somerville, answered the petition and she therein admitted the plaintiff owned the real estate in 1879, the recovery of the judgment against the plaintiff, and the issuance of the execution, levy and advertisement of the real estate for sale, as alleged in the petition. As an affirmative defense it was stated in the answer that the conveyance to Snyder was made to hinder and delay the creditors of the plaintiff, and that defendant, Somerville, in an action against Snyder in the proper court, had procured a decree setting aside the conveyance, because the same was fraudulent and void as against the creditors of the plaintiff. At the time the answer was filed the defendants moved the court to dissolve the injunction, on the ground " that plaintiff's petition shows upon its face that plaintiff has no interest in the property enjoined from being sold and has no equitable rights to be protected by injunction." The principal question to be determined is whether the court erred in dissolving the injunction,

If the affirmative defense be eliminated from the answer, the question before us is simple and its solution not difficult. So doing, the material allegations of the petition are admitted, and to our minds it is clear the injunction was improvidently granted and rightly dissolved. The only ground upon which the right to the injunction is predicated is the liability of the plaintiff on his warranty. But it appears the judgment was recovered after the conveyance to Snyder. It is clear, therefore, a sale of Snyder's property on a judgment against the plaintiff, which was not in existence when the conveyance was

made, would not constitute a breach of the covenants in the conveyance. · The plaintiff, therefore, had no such interest in the property that a court of equity can be called on to protect. Counsel for the plaintiff strenuously insist the decree pleaded is absolutely void, because the plaintiff was not made a party to the action in which it was rendered. We deem it unnecessary to enter upon a discussion of this question. For, conceding it to be so, we do not think the plaintiff has such an interest in the subject-matter of this action as requires the aid of a court of equity to protect it. We deem it proper, however, to call attention to *Potter v. Phillips*, 44 Iowa, 353. It, to say the least, has never been overruled.

After the dissolution of the injunction, the plaintiff elected to stand on the ruling, whereupon the court dismissed the action. This is said to have been error, but, as we read the petition, the only relief the plaintiff was entitled to was an injunction. We are, therefore, unable to see any error in the ruling. If in error as to this, the record discloses the fact that the defendants waived such ruling, and asked the cause be reinstated on the docket for the purpose of disposing of the remaining issues, if any there were. The action of the court was, therefore, error without prejudice. Upon the re-instatement of the action, the plaintiff may amend if he sees proper, so as to put in issue the facts entitling him to such relief as he may see proper to ask.

AFFIRMED.