95 | 524
100 | 641
95 | 524
107 | 608
95 | 524
122 | 376
95 | 524
131 | 10
95 | 524
e143 | 614

[No. 14599. Department Two. — August 5, 1892.]

## A. BLANC, Respondent, v. THE PAYMASTER MINING COMPANY, Appellant.

Parties — Fraudulent Grantor Proper but not Necessary Party. — While a fraudulent grantor is a proper party defendant in an action to subject to a lien of a judgment the property alleged to have been fraudulently conveyed, he is not a necessary party.

Assumpsit against Foreign Corporation — Attachment — Judgment in Rem — Jurisdiction. — In an action of *assumpsit* against a foreign corporation, which has no managing agent or other officer in this state upon whom service of summons can be made, the only valid judgment which can be rendered is one in the nature of a judgment *in rem* against such property as was seized under a writ of attachment therein. The fact that a judgment in such action is general in its terms for the recovery of money only, and makes no reference to the fact that any property has been attached therein, does not render it void, if in fact such attachment was made; but if no property was attached in the action, the court is without jurisdiction to render any judgment which can be enforced against the property of the defendant.

Id. — Return upon Attachment — Inconclusiveness — Subsequent Action against Successor of Corporation. — The return upon the writ of attachment is not conclusive of the validity of the attachment in a subsequent action against the successor of the corporation defendant.

Id. — Service of Summons — Managing Agent — Clerk of Foreign Corporation — Cashier — Construction of Code. — A person employed by a foreign mining corporation as a clerk in a store belonging to it is not the managing agent or cashier of the corporation upon whom summons may be served, within the meaning of section 542 of the Code of Civil Procedure, although he has the custody of money belonging to the corporation, and it is a part of his duty to keep the accounts of the men employed in a mine belonging to the corporation from data furnished him by the superintendent, and to pay them. The word "cashier" in such section refers to an executive officer of a corporation, — as the cashier of a bank, — and not to a simple employee who is not a managing agent.

Fraudulent Conveyance — Action by Creditor — Necessity of Judgment — Exceptions to Rule — Transfer of Property of Insolvent Corporation. — Though, as a general rule, a creditor must have first recovered judgment against his debtor, and have execution returned unsatisfied, before he is entitled to resort to an equitable action to reach property fraudulently transferred by his debtor, yet this rule has exceptions, and does not apply to a case of a transfer of all the property of an insolvent corporation, without consideration, to a new corporation, through the fraud of the managing agent of the insolvent corporation, as part of a scheme to cheat and defraud the creditors and other stockholders of the insolvent corporation.

Id. — New Corporation Continuation of Old — Liability for Indebtedness without Judgment. — In such case, the new corporation will be regarded in a court of equity as a continuation of the former one, and will be held liable for the indebtedness of such former one to the extent

of the value of the property received without consideration from it, although there has been no valid judgment against the former corporation for the amount of the claim, and therefore no return of execution unsatisfied.

Waiver of Findings — Implied Findings— Appeal— Presumption — Review of Evidence. — Although there are no express findings, and it appears from the record upon appeal that findings were waived, still it will be presumed that the court found all the matters of fact in issue and necessary to support its judgment in favor of the successful party. Such findings are implied; and if the evidence is insufficient to justify the court in finding any material or necessary fact, such implied finding of fact may be excepted to in the same manner and with the same effect as if it were an express finding.

Appeal from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Harris & Gregg*, for Appellant.

The judgment against the Esperanza Company, without proper service of process in this state, was void as a judgment *in personam*. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Cooper* v. *Reynolds*, 77 U. S. 931; *Belcher* v. *Chambers*, 53 Cal. 635; *Grover and Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287.)   The return of the sheriff does not show that he had been able to find any property upon which to levy an attachment, and therefore the court could not tell whether it had any jurisdiction to render any judgment of any character. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Belcher* v. *Chambers*, 53 Cal. 635.)   The jurisdiction should be affirmatively shown. (*Reinhart* v. *Lugo*, 86 Cal. 399; 21 Am. St. Rep. 52.)

*Hunsaker, Britt & Goodrich*, and *J. E. Wadham*, for Respondent.

The Esperanza Company is not a necessary party to the action, because the transfer by it of the property to the defendant is good as between the parties to the transfer (*Hills* v. *Sherwood*, 48 Cal. 386); and the Paymaster Company is the only person having any interest to defend the suit. (*Fox* v. *Moyer*, 54 N. Y. 130, 131;

*Buffington* v. *Harvey*, 95 U. S. 103; *Potter* v. *Phillips*, 44 Iowa, 353; *Dunn* v. *Wolf*, 47 N. W. Rep. 887 (Iowa); *Coffey* v. *Norwood*, 81 Ala. 512; *Dailey* v. *Kinsler*, 47 N. W. Rep. 1045 (Neb.); *Smith* v. *Grim*, 26 Pa. St. 95; 67 Am. Dec. 400.) The recital in the judgment of due service of process is conclusive in this action. (*Reily* v. *Lancaster*, 39 Cal. 354; *McCauley* v. *Fulton*, 44 Cal. 361; *Ex parte Sternes*, 77 Cal. 163; 11 Am. St. Rep. 251; *People* v. *Harrison*, 84 Cal. 609, 610; 1 Freeman on Judgments, 4th ed., sec. 131, and cases cited.) The proceeding in the case of *Blanc* v. *The Esperanza Company* became a proceeding *in rem* as to the property attached. (*Anderson* v. *Goff*, 72 Cal. 65, 69–72; 1 Am. St. Rep. 34; *Brown* v. *Tucker*, 7 Col. 37; *Freeman* v. *Alderson*, 119 U. S. 187.) But whether the judgment against the Esperanza Company is valid or not, the Paymaster Company is liable directly to the plaintiff to the extent of the property received by it, and the plaintiff is entitled to maintain this action to subject the property to sale for the payment of his debt, without having first proceeded to judgment against the Esperanza Company, although, as a matter of precaution, he has adopted the latter course. (Civ. Code, secs. 2224, 2243; *San Francisco and North Pacific R. R. Co.* v. *Bee*, 48 Cal. 398; 2 Morawetz on Corporations, sec. 791; *Hibernia Ins. Co.* v. *St. Louis etc. Transp. Co.* 13 Fed. Rep. 516; 10 Fed. Rep. 596; 1 Jones on Liens, secs. 84–86; *Case* v. *Beauregard*, 101 U. S. 690, 691.) The appellant cannot be heard upon the appeal from the order denying the motion for a new trial, as findings having been waived, there is no decision to which the motion and specifications of insufficiency can relate. A new trial cannot be granted for insufficiency of the evidence to justify the judgment. (*Coveny* v. *Hale*, 49 Cal. 552; *Martin* v. *Matfield*, 49 Cal. 42; *Little* v. *Jacks*, 67 Cal. 165; *Sawyer* v. *Sargent*, 65 Cal. 259.) A contrary practice may have been recognized when the system of "implied findings" prevailed. (*Steinback* v. *Krone*, 36 Cal. 303.) But that system is now abolished. (*Dowd* v. *Clarke*, 51 Cal. 263.)

DE HAVEN, J. — The complaint in this action alleges, in substance, among other matters, that the Esperanza Company, a foreign corporation doing business in Arizona, became in February, 1884, indebted to plaintiff upon two promissory notes, one for the sum of one thousand dollars payable on demand, and the other for the sum of five thousand dollars payable February 12, 1885; that thereafter the said Esperanza Company became indebted to its various stockholders, and a pretended assignment was made of all its property to its "acting managing officer and agent," one Blaisdell, for the alleged purpose of paying the debts of such corporation, and the said Blaisdell made a pretended sale of such property at public auction, at which sale "he claims to have become the purchaser of the tools, machinery, stamp-mills, engines, and boilers belonging to the said Esperanza Company, all of the value of seventy-five thousand dollars, at a purely nominal sum, to wit, the sum of fifty dollars"; and thereupon said Blaisdell, "together with the principal officers, agents, and stockholders of the said Esperanza Company, proceeded to organize the defendant," and turned over to it all of the said property, for the purpose of cheating and defrauding plaintiff and other creditors of the Esperanza Company; and in this connection, the complaint further charges "that the said the Paymaster Mining Company, defendant, was so organized by the said Blaisdell, the officers and agents and stockholders of the said Esperanza Company, with the view of taking and receiving said property as a part of said plan for defrauding the creditors of the Esperanza Company, and particularly the plaintiff," and that said defendant never paid any consideration whatever for said property. It is also alleged that the Esperanza Company having failed and refused "to pay the just demands of this plaintiff," he instituted a suit against said company in one of the superior courts of this state "for the collection of the said sum of six thousand dollars," and interest, and a writ of attachment was issued therein, and the property before referred to was attached, etc.,

and judgment was duly given in his favor, and against said Esperanza Company, for the sum of $7,784.74 and costs, and that nothing whatever has been paid on said judgment. The prayer of the complaint is, " that the pretended sales of the said Blaisdell to the defendant be declared void," and " that it be adjudged . . . . that the said defendant holds the said property charged with the payment of the plaintiff's claim of $7,784.74, with interest and costs," and that the same be sold to satisfy the same, and for general relief. To this complaint the defendant interposed a demurrer, upon the general ground of insufficiency of the alleged facts to constitute a cause of action, and upon the further ground that there is a defect of parties defendant, because of the failure to make the Esperanza Company and Blaisdell defendants. The demurrer was overruled. Upon the trial findings were waived, and a judgment rendered in favor of plaintiff in accordance with the prayer of the complaint. The defendant appeals.

It is argued by the appellant here that the court erred in its ruling upon the demurrer to the complaint; and also that certain implied findings are not justified by the evidence.

1. The demurrer to the complaint was properly overruled. The complaint states a cause of action, and the Esperanza Company and Blaisdell were not necessary parties to the action. Upon the facts alleged in the complaint, neither of them has any interest, either legal or equitable, in the property, and neither could be prejudiced by the judgment which the plaintiff seeks to obtain; and the omission to make them defendants did not in any manner preclude the defendant from interposing any defense which it may have had to the matters alleged in the complaint, and therefore it cannot complain that they were not made parties defendant. (*Fry* v. *Moyer*, 54 N. Y. 130; *Potter* v. *Phillips*, 44 Iowa, 353; *Coffey* v. *Norwood*, 81 Ala. 512.)

In *Potter* v. *Phillips*, 44 Iowa, 353, the court, in answer to the objection that the fraudulent grantor was not

made a party defendant in an action to subject to the lien of plaintiff's judgment the property alleged to have been fraudulently conveyed, say: " Whilst a proper party, we do not see wherein he can be regarded as a necessary party. Whether the conveyances were fraudulent or in good faith, the property has irrevocably passed beyond his control. In no way can he be prejudiced, in a legal sense, by a determination which subjects the property to the payment of his debts."

And in *Coffey* v. *Norwood*, 81 Ala. 512, the supreme court of Alabama reach the same conclusion, saying: " Neither the debtor if living, nor if he be dead his personal representatives, can enjoy any of the fruits of a successful prosecution of the suit to set aside the fraudulent conveyance; for after the complaining creditor's demand is satisfied, the remainder of the fund goes to the fraudulent grantee. The debtor, therefore, has no interest, legal or beneficial, either in the property sought to be subjected or in the litigation having reference to it, except remotely or indirectly. Nor can the grantee be prejudiced in any manner by omitting to join the grantor, or his personal representative, as he can make any defense to the complainant's demand which the grantor or personal representative could do if he were a party to the suit."

2. The appellant contends that the evidence does not justify the implied finding of the court, that in the action of the plaintiff against the Esperanza Company mentioned in the complaint, an attachment was levied upon the property sought to be reached by this action, and that the evidence is also insufficient to justify the further implied finding that in the action referred to a judgment was rendered in favor of this plaintiff, and against the Esperanza Company, for the sum of $7,784.74.

It is claimed by respondent that inasmuch as findings were waived, and none are to be found in the record, there are no findings to which exception can be taken, and nothing to which appellant's specifications of insufficiency of evidence can relate. We do not think this is a

correct view of the law upon this point. There are no express findings in the record, but it is the presumption of law that the court found all the matters of fact in issue, and necessary to support its judgment in favor of the successful party. Such findings are implied, and if the evidence is insufficient to justify the court in finding any material or necessary fact, such implied finding of fact may be excepted to in the same manner and with the same effect as if it were an express finding. The action of the appellant in thus excepting to the implied findings was proper.

3. The Esperanza Company is a foreign corporation, and had no managing agent or other officer in this state upon whom service of summons was or might have been made in the action which plaintiff brought against it to recover the amount due upon the notes referred to in the complaint. This being so, the only valid judgment which could have been rendered in that action was one in the nature of a judgment *in rem*, against such property as may have been seized under the writ of attachment therein. (*Anderson* v. *Goff*, 72 Cal. 65; 1 Am. St. Rep. 34; *Pennoyer* v. *Neff*, 95 U. S. 714; *Cooper* v. *Reynolds*, 10 Wall. 308.) The judgment rendered in that action was a general one, for the recovery of money only, and made no reference to the fact that any property had been attached therein; but it was not for this reason void, if, in fact, such attachment was made. In such case the judgment would be held to have the effect of perpetuating the attachment lien, and would be regarded as "so far in the nature of a proceeding *in rem* as to uphold a sale of the attached property, and considered for that purpose and to that extent is not void." (*Anderson* v. *Goff*, 72 Cal. 65; 1 Am. St. Rep. 34; *Cooper* v. *Reynolds*, 10 Wall. 308.) It follows necessarily, from this view of the law, that in considering whether the court below was justified in finding that plaintiff recovered against the Esperanza Company the judgment alleged in the complaint, it must be first determined whether the evidence is sufficient to sustain its other

implied finding that the property in controversy here was attached in that action. If such property was not attached, then, under the law as above stated, the court was without jurisdiction to pronounce any judgment in that action which can be enforced against such property. It is shown that the writ of attachment was issued in the action referred to, and it further appears, from the return of the officer in whose hands it was placed for service, that he attached all property "in the possession and under the control of the Paymaster Mining Company, by delivering to and leaving with Cyrus Wheeler, the acting managing agent of said Paymaster Mining Company, personally," a copy of said attachment, etc.

This return is not conclusive in this action. The Paymaster Mining Company was in possession of the property involved in this action, and assuming that it was not capable of being taken into manual possession, then, under subdivision 5 of section 542 of the Code of Civil Procedure, in order to effect its attachment, it was necessary to serve a copy of the writ of attachment, and a notice that the property was attached in pursuance thereof, upon the president, or other head of that corporation, or its secretary cashier, or other managing agent thereof. (*Kennedy* v. *Hibernia S. & L. Soc.*, 38 Cal. 151.) It is not claimed that Wheeler, upon whom the writ of attachment was served in plaintiff's action against the Esperanza Company, was the president or secretary of the Paymaster Mining Company, and the evidence does not show that he was a managing agent thereof. On the contrary, it appears that he was only employed by that corporation in the capacity of a clerk in a store belonging to it, and although he had the custody of money belonging to the corporation, and it was a part of his duty to keep the accounts of the men employed in the mine from data furnished him by the superintendent, and to pay them, this did not constitute him the "cashier" of the corporation, as that word is employed in section 542 of the Code of Civil Procedure, or a managing agent of such corporation. The word "cashier" in that section refers

to an executive officer of a corporation, — as the cashier of a bank, — and not to a simple employee, who is not a managing agent of the corporation.

Upon the evidence, we think it must be held that in the action referred to there never was any valid attachment of the property of the Esperanza Company, and as it was not personally served with summons in this state, the judgment alleged in this complaint to have been recovered by plaintiff against that corporation was void. The implied finding of the court, therefore, that such judgment is valid and is a lien upon the property in controversy, is not sustained by the evidence.

4. The remaining question to be considered is, whether, in view of the other allegations of the complaint, and found by the court to be true, the plaintiff is entitled to the relief which he asks, notwithstanding his failure to obtain a valid judgment against the Esperanza Company for the amount of the claim which he holds against that corporation. The general rule (to which, however, there are some exceptions) is, that a creditor must first have recovered judgment against his debtor, and execution thereon be returned unsatisfied, before he is entitled to resort to an equitable action to reach property fraudulently transferred by his debtor. (3 Pomeroy's Eq. Jur., sec. 1415; Bump on Fraudulent Conveyances, p. 522.) And this general rule is embodied in section 3441 of the Civil Code, which declares: "A creditor can avoid the act or obligation of his debtor for fraud only when the fraud obstructs the enforcement by legal process of his rights to take the property affected by the transfer or obligation."

It is claimed by the appellant that the present case falls within this rule, and that as plaintiff has never recovered a valid judgment against the Esperanza Company, the foundation of his right to maintain this action is gone. But we are unable to agree to this proposition.

As already stated, the complaint charges that the Esperanza Company is wholly insolvent, and that defendant is now in possession of all of its property, without having paid any consideration therefor, claiming to own

the same by virtue of the fraudulent transfers before mentioned, and that the defendant was organized by the officers and stockholders of the Esperanza Company for the purpose of taking and holding its property, and as part of a scheme to defraud and cheat the plaintiff and other stockholders of the Esperanza Company.  These facts are all clearly alleged, and we think, as against a general demurrer and after judgment, the complaint may also be regarded as sufficiently averring that the notes executed to plaintiff by the Esperanza Company, as evidence of its indebtedness to him, are still unpaid.  These are all material allegations, and upon his record, express findings  having been waived, it must be presumed that they were all found to be true by the court below.

We think, upon this state of facts, a court of equity will regard the defendant as a mere continuation of the former corporation under a different name, and will hold it liable for the indebtedness of the Esperanza Company, at least to the extent of the value of the property which it received from it without consideration, and under the circumstances stated.  Nominally, the two corporations may be different, but as viewed in equity, they are the same, and the plaintiff is not prevented from asserting such identity in fact.  This was so, substantially, held in the case of *Hibernia Insurance Company* v. *Transportation Company,* 13 Fed. Rep. 516.  In that case, upon a state of facts similar to that disclosed by this record, McCrary, circuit judge, after referring to the fact that it was doubtful whether any service of process could be made upon the old company so as to secure a judgment at law against it, proceeded to say: "A distinction with respect to transactions of this character exists between a corporation and a natural person.  A natural person may sell all his property for a fair consideration, if the transaction is *bona fide*, and the buyer will not be required to take care that the seller provides for and pays all his debts.  A corporation, unlike a natural person, by disposing of all its property, may not only deprive itself of

the means of paying its debts, but may deprive itself of corporate existence, and place itself beyond the reach of process of law. At all events, equity cannot permit the owners of one corporation to organize another, and transfer from the former to the latter all the corporate property, without paying all the corporate debts."

Treat, district judge, in a concurring opinion in that case, said: " A mere change of name cannot avoid obligations. The new corporation took all the property of the old, went forward with its business, had the same stockholders, except a few formal ones,— was, in short, the old corporation,— and now seeks to escape the obligations of the old, rescuing the property of the latter from the demands the former was bound to meet. Can this be so? The old corporation and its property were liable to the demands of the plaintiff. The new corporation must respond to the extent of the property acquired, and possibly to the full extent, — that is, if property sufficient therefor is in its possession. This is a proceeding in equity, wherein mere colorable pretenses are to be disregarded. Shiftings of corporate names cannot defeat positive rights, any more than the change of the name of a natural person can absolve him from his personal obligations."

The principle of this decision, which we regard as eminently just, was also approved by the supreme court of Pennsylvania in *Montgomery Web Co.* v. *Dienelt*, 133 Pa. St. 585.

It follows, from these views, that plaintiff is entitled to satisfy the demand against the Esperanza Company out of its property now held by the defendant, and that, too, without first recovering a nominal judgment against the Esperanza Company.

The complaint does not allege the rate of interest the notes there referred to bear, but the court recites in its judgment that such rate is eight per cent per annum. But the judgment does not declare that the amount unpaid on such notes is a lien upon the property in controversy, but that the judgment referred to in the com-

plaint constitutes such a lien, and directs a sale of the property to satisfy the same. The amount of this judgment, including, as it does, costs of the former action and interest upon the interest which had accrued upon said notes at the date of its rendition, exceeds the amount of the principal and interest of said notes, and is therefore erroneous. The court should ascertain the amount due upon the notes, and direct a sale of so much of the property in controversy as may be necessary to pay the same, and costs of the action and of making the sale.

Judgment and order reversed, with directions to the superior court to find the amount due the plaintiff from the Esperanza Company upon the notes referred to in the complaint, and thereupon to render judgment in accordance with this opinion.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.