LÓPEZ, PETITIONER, *v.* FOOTE, RESPONDENT, (CARDONA, INTERVENOR).

Petition for a Writ of Certiorari to the Judge of the District Court of Mayagüez in an Action of Intervention.

No. 180.—Decided July 10, 1917.

INTERVENTION—CERTIORARI—JUDGMENT CREDITOR—CROSS-COMPLAINT—APPEAL—ADVERSE PARTY.—A complaint of intervention in ownership of real property was filed against a judgment creditor and his debtor jointly when the former attempted to execute his judgment and although the debtor had been notified of the same, he did not answer the complaint or take any part in the subsequent proceedings in the case. The creditor filed a cross-complaint against the intervenor, to which the debtor was not made a party, setting up a fraudulent conveyance of the property, and the court gave judgment in

favor of the intervenor without making any pronouncement against the debtor. *Held:* That it was not necessary to serve the debtor with notice of an appeal taken from the judgment by the creditor because he was neither and adverse nor a necessary party to the same.

The facts are stated in the opinion.

*Mr. José Benet* for the petitioner.

*Mr. Angel A. Vázquez* for the intervenor.

The respondent did not appear.

Mr. Justice Wolf delivered the opinion of the court.

In this application for a writ of certiorari it appears from the record that Arturo López, on February 1, 1915, in the Municipal Court of Mayagüez, obtained a judgment against Bernardo Cardona in the sum of $137.20. At the time of the later proceedings in this case this judgment had not been appealed from and was unappealable. When the petitioner attempted to execute on a piece of property of the community of which the debtor was the head, Arturo Gigante filed an intervening complaint, claiming the property as his own by reason of a sale to him made by the wife of Bernardo Cardona with the consent of her husband. In his intervening complaint the original parties, creditor and debtor, were made parties defendant. For the purpose of this opinion the parties will be designated as "creditor," "debtor," and "intervenor."

In the said municipal court no answer to the complaint of Gigante was filed by the debtor, and it does not appear that he took any part in the proceedings after the presumptive service of the complaint upon him. The creditor filed a cross-complaint against the intervenor, to which the debtor was not made a party. In this cross-complaint the creditor set up in legal effect a fraudulent conveyance to the intervenor. The municipal court found in favor of the intervenor, but in this judgment there is no pronouncement against the debtor, and he does not appear to have had any part in the proceedings after the initiation of the suit.

From the judgment of the municipal court rendered against him and in favor of the intervenor the said judgment

creditor appealed and did not make the defendant debtor a party to the appeal. After a protracted struggle the district court, on January 26, 1917, rendered judgment in favor of the creditor. At this stage the debtor, who had been silent and passive all this time, appeared in the district court and by motion set up the undisputed fact that he was not notified of the appeal, and hence that the District Court of Mayagüez was without jurisdiction. The court heard the motion and dismissed the case for lack of jurisdiction. The question raised by this writ of certiorari is whether the debtor was an adverse or a necessary party.

The weight of the authorities is that the debtor was not a necessary party to the cross-complaint in this case. As we have seen, he was not made a party to the cross-complaint. The debtor may be a proper party in a suit to set aside a fraudulent conveyance, but he is not a necessary one inasmuch as the proceeding is one in the nature of a proceeding *in rem. Blanc v. Paymaster Min. Co.,* 95 Cal. 524, 30 Pac. 766; *Fuentes v. Suárez,* 7 P. R. Fed. 690; 20 Cyc. 714. If it should be suggested that the defendant might have to make good to the intervenor if the judgment of the municipal court were reversed, he is *pro tanto* protected against his creditor, but in any event he is not directly affected by the reversal.

In *Blanc v. Paymaster Min. Co., supra,* the Supreme Court of California quotes with approval the decision of *Potter v. Phillips,* 44 Ia. 353, where the court said:

"Whether the conveyance were fraudulent or in good faith, the property has irrevocably passed beyond his (the debtor's) control. In no way can he be prejudiced in a legal sense by a determination which subjects the property to the payment of his debts."

And *Coffey v. Norwood,* 81 Ala. 512, 8 So. Rep. 199, is to the same effect.

See also *Torres v. Lothrop, Luce & Co.,* 16 P. R. R. 172; same case on appeal, 231 U. S. 181.

In *Fuentes* v. *Suárez, supra,* there was a conflict between attaching creditors and the grantee of a debtor, and Mr. Justice Hamilton pointed out that the matter often comes up in this way when a deed is attacked for fraud and it is claimed that all parties ever interested in the title since the fraud should be made parties; that if a person had parted with the title as the Maldonados had professed to do to Suárez in that case there was no title left and there was no real interest for them to enjoy. Mr. Justice Hamilton goes on to say—

"There is, of course the fact where a proceeding is attacked for fraud, that there is a reflection upon the makers of the deed; but this is not what is meant by a party in interest. A party in interest to a property suit must be one who will have some pecuniary interest in the matter, and the court does not see that the Maldonados will ever in any event have any pecuniary interest in this property."

The facts of the foregoing case were peculiarly applicable here because the debtor apparently laid stress on the fact that the judgment of the district court declared that the deed to him was fraudulent and that the defendant was declared to be a fraudulent grantor, and perhaps an insolvent debtor, without a chance to defend against these imputations.

If these issues of fraud or insolvency are important to the debtor, he is unaffected by the judgment of the district court as he never was a party to the cross-complaint in the municipal court and never asked to become one. The issue joined by reason of the cross-examination in the municipal court was between the creditor and the intervenor. The debtor is free to defend both his good name and his solvency against all the world.

In *Candelas* v. *Ramírez et al.,* 20 P. R. R. 31, we held that an adverse party was one who could be affected by a reversal or modification of a judgment.

In *Freyre* v. *Quintero,* 23 P. R. R. 121, we held that a moral interest was not sufficient, and a similar decision was made in *Wys* v. *Fornaris,* 24 P. R. R. 45.

See also *Ninlliat* v. *Suriñach, ante,* p. 509.

We feel constrained to hold that the debtor was neither an adverse nor a necessary party to the appeal, and the order of February 15, 1917, must be annulled and the judgment of January 26, 1917, remain in full force and effect.

*Petition granted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.