LÓPEZ, PETICIONARIO, *v.* FOOTE, JUEZ DE DISTRITO, DEMANDADO, Y CARDONA, INTERVENTOR.

SOLICITUD para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de Mayagüez en un pleito sobre tercería de bienes inmuebles.

No. 180.—Resuelto en julio 10, 1917.

TERCERÍA SOBRE BIENES INMUEBLES—ACREEDOR POR SENTENCIA—CONTRADEMANDA EN TERCERÍA—APELACIÓN—PARTES CONTRARIAS O NECESARIAS.—Cuando se entabla una demanda de tercería sobre bienes inmuebles contra un acreedor por sentencia y su deudor, conjuntamente, al tratar el primero de éstos de

hacer efectivo su fallo, y el deudor no contesta la demanda a pesar de haber sido notificado de ella, ni toma parte en los procedimientos subsiguientes del caso, y el acreedor radica una contrademanda contra el tercerista basada en un traspaso fraudulento del inmueble, en la que no hace parte al deudor, y la corte dicta sentencia a favor del tercerista, sin hacer pronunciamiento alguno contra el deudor, no es necesario notificar a este último de una apelación interpuesta contra la misma por el acreedor por no ser él una parte contraria o necesaria en el recurso.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. José Benet.*

Abogado del interventor: *Sr. Angel A. Vázquez.*

El juez demandado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En esta solicitud en que se interesa la expedición de un mandamiento de *certiorari* aparece de los autos que Arturo López con fecha 1°. de febrero de 1915, obtuvo de la Corte Municipal de Mayagüez una sentencia contra Bernardo Cardona por la suma de $137.20. En la fecha en que tuvieron lugar los procedimientos subsiguientes en este caso no se había interpuesto apelación contra dicha sentencia y era, por tanto, firme. Al tratar el peticionario de ejecutar su sentencia sobre una finca de la sociedad de gananciales de la que era representante el deudor, Arturo Gigante radicó una demanda de tercería alegando que la finca era de su propiedad exclusiva por habérsela vendido la esposa de Bernardo Cardona con el consentimiento de su marido. En su demanda de tercería las primitivas partes, o sea el acreedor y el deudor, fueron hechos partes demandadas. Las partes, para los fines de esta opinión, serán conocidas por "acreedor," "deudor" y "tercerista."

Ninguna contestación fué presentada en dicha corte municipal por el deudor a la demanda interpuesta por Gigante y no consta que el deudor hubiera tomado parte en los procedimientos después de la supuesta notificación que se le hizo de la demanda. El acreedor radicó una contrademanda contra el tercerista en la que no se hizo parte al deudor. En esta

contrademanda alegó en efecto el acreedor un traspaso fraudulento hecho al tercerista. La corte municipal dictó sentencia a favor del tercerista pero en esta sentencia no se hace pronunciamiento alguno contra el deudor, y no consta que él hubiera tomado parte en los procedimientos después de comenzar la acción.

Contra la sentencia dictada por la corte municipal en su contra y a favor del tercerista, el referido acreedor por sentencia interpuso apelación en la que no hizo parte al deudor demandado. Después de una larga contienda la corte de distrito dictó sentencia en enero 26, 1917, a favor del acreedor. En este estado del procedimiento el deudor que durante todo ese tiempo había permanecido callado y en actitud pasiva, compareció ante la corte de distrito y alegó mediante moción el hecho que no fué negado de no haber sido notificado él de la apelación y por lo tanto que la Corte de Distrito de Mayagüez carecía de jurisdicción. La corte oyó la moción y sobreseyó el caso por falta de jurisdicción. La cuestión que ha sido promovida por virtud de este *certiorari* es si el deudor era parte contraria o necesaria.

El peso de las autoridades sostiene el criterio de que el deudor no era parte necesaria en la contrademanda presentada en este caso. Como hemos visto él no fué hecho parte en la contrademanda. El deudor puede ser parte adecuada en una acción para anular un traspaso fraudulento, pero no es parte necesaria, puesto que el procedimiento es a manera de un procedimiento *in rem. Blanc* v. *Paymaster Min. Co.,* 95 Cal. 524, 30 Pac. 766; *Fuentes* v. *Suárez,* 7 P. R. Fed. 690, 20 Cyc. 714. Si se dijera que el demandado tendría que indemnizar al tercerista si la sentencia de la corte municipal fuera revocada él queda hasta ese punto (*pro tanto*) protegido contra su acreedor, pero de todos modos él no está afectado por la revocación.

En el caso de *Blanc* v. *Paymaster Min. Co., supra,* la Corte

Suprema de California cita con aprobación la decisión en el caso de *Potter* v. *Phillips,* 44 Ia. 353, en cuyo caso la corte se expresó en estos términos:

"Ya que los traspasos hubieran sido fraudulentos o hechos de buena fe, la propiedad ha salido irrevocablemente de su poder (el del deudor). Para la ley de ningún modo puede él quedar perjudicado por una resolución que sujeta la propiedad al pago de sus deudas."

Y en el caso de *Coffey* v. *Norwood,* 81 Ala. 512, 8 So. Rep. 199, se pronuncia en igual sentido. Véase también a *Torres* v. *Lothrop Luce & Co.,* 16 D. P. R. 180, el mismo caso que fué apelado a la Corte Suprema de los Estados Unidos, en el tomo 231 U. S. 181.

En el caso de *Fuentes* v. *Suárez, supra,* existía un conflicto entre los acreedores embargantes y el comprador del deudor, habiendo indicado el Juez Hamilton que la cuestión amenudo se presenta en esta forma cuando se ataca una escritura por ser fraudulenta y se alega que todas las partes que tuvieron interés en el título desde que se conoció el fraude deben ser hechas partes; que si una persona se había desprendido del título, como declararon los Maldonados que hicieron con Suárez en aquel caso, no quedaba ningún título y no había verdadero interés de que pudieran ellos disfrutar.

El Juez Sr. Hamilton pasa entonces a decir lo siguiente:

"Cuando un procedimiento se ataca por existir fraude, esto se refleja desde luego en los otorgantes de la escritura, pero esto no es lo que se quiere decir al hablar de parte interesada. Una parte interesada en la correspondiente acción tiene que ser una que tenga algún interés pecuniario en la cuestión, y la corte no puede ver que jamás puedan tener los Maldonados bajo ningún concepto ningún interés pecuniario en esta propiedad."

Los hechos del anterior caso eran singularmente de aplicación a los de este caso porque el deudor parece que insistió en el hecho de que la sentencia de la corte de distrito declaraba

que la escritura que se otorgó a su favor era fraudulenta y se consideró que el demandado fué un vendedor fraudulento y quizás si un deudor insolvente, sin dársele oportunidad de defenderse contra esas imputaciones.

Si estas cuestiones de fraude o insolvencia son importantes para el deudor a él no le afecta la sentencia de la corte de distrito puesto que nunca fué parte en la contrademanda presentada en la corte municipal y jamás pidió que se le tuviera por tal. La controversia trabada con motivo de la contrademanda en la corte municipal era entre el acreedor y el tercerista. El deudor está libre para defender su buen nombre y solvencia contra todo el mundo.

En el caso de *Candelas v. Ramírez et al.,* 20 D. P. R. 33, resolvimos que una parte contraria era aquella que podía quedar afectada por una revocación o modificación de una sentencia.

En el de *Freire v. Quintero y The National Surety Co.* 23 D. P. R. 128, resolvió este tribunal que el interés moral que pueda tener una persona no era suficiente y lo mismo se decidió en el de *Wys v. Fornaris,* 24 D. P. R. 49.

Véase también *Ninlliat v. Suriñach,* resuelto en el día de hoy (pág. 548).

Nos vemos obligados a resolver que el deudor no era parte contraria ni necesaria en la apelación, debiendo ser anulada la resolución de fecha febrero 15, 1917, quedando en toda su fuerza y vigor la sentencia dictada en enero 26, 1917.

> *Con lugar la solicitud y anulada la resolución de que se trata dejándose en vigor la sentencia pronunciada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.