202 So.2d 44

**Aldrich JEMISON**

**v.**

**Earline B. BROWN.**

**2 Div. 492.**

Supreme Court of Alabama.

Aug. 17, 1967.

Chas. S. Conley, Montgomery, for appellant.

T. G. Gayle, Selma, for appellee.

SIMPSON, Justice.

The litigation in this case involves real property located in Dallas County. The facts appear to be substantially the following:

Some 440 acres of land was owned by Scott Jemison and his wife Rachel Jemison in 1918, as joint tenants. Rachel died intestate in 1948. Appellant claims to have been her son. The trial court found that this was not the case, and that rather Rachel was survived by the only child she ever bore, Mary Reeves. Mary Reeves died in 1964, leaving surviving three children, Ollie

Mae Reeves, Ocie Alma Reeves, and Willie Payr.

After Rachel died, Scott Jemison married Earline B. Brown. Scott died in 1959 and left a will wherein he devised his one-half undivided interest in the real estate to his widow, Earline B. Brown, the appellee.

The litigation commenced when Aldrich Jemison, the appellant, instituted a bill for sale and division of the land in Dallas County, naming as respondent Earline B. Brown. The basis of his claim was that he was the son of Rachel Jemison who died intestate in 1948. A trial on this issue was held and it was determined that Aldrich Jemison was not the son of Rachel and hence had no interest in the property. Subsequently, and apparently while the case was still pending, Aldrich filed an amended bill in which he asked for the same relief, but this time claimed that his interest in the property was based upon quitclaim deeds from the children of Mary Reeves, whom the court had found to be the only child of Rachel Jemison.

These children, Ollie Mae, Ocie Alma, and Willie petitioned the court for leave to intervene, which was granted, and asked that the quitclaim deeds relied upon by appellant be set aside as null and void, having been procured by fraud, not having been based upon valuable consideration, etc.

■ Evidence was taken on this aspect of the case and the court rendered a decree in favor of the intervenors and ordered that the quitclaim deeds be set aside. Without elaborating further, suffice it to say that there is evidence to support this decree.

■■ Appellant has now appealed to this court in the following manner: He names as appellee, only Earline B. Brown, the original respondent in the bill for division. The intervenors are not named; hence, we are not called upon to consider any part of the decree relating to the petition for intervention, although the 32 assignments of error made in the case relate almost exclusively to that aspect of the case. It is academic that all parties to an action whose interest will be affected by a reversal of the judgment or decree appealed from must be made parties to the appellate proceedings. Otherwise we cannot consider the case as to the non-joined appellees. Clark v. Knox, 65 Ala. 401.

■ In the bill for division aspect of the case, the court found that the appellant had no interest in the property in that he was not the son of Rachel Jemison. There is abundant evidence to support this conclusion. In the amended aspect, the appellant claims that interest through the quitclaim deeds received from the children of Mary Reeves, whom the court found to be the only child of Rachel. On sufficient evidence the court set aside and held for naught these deeds. We cannot reverse on that basis.

Appellant argues that error was committed in setting aside the quitclaim deeds. We have read the testimony adduced on this aspect of the case. We are abundantly convinced that the court correctly decreed that there was fraud in the procurement of the deeds and that there was insufficient or no consideration to support them.

Further, a great deal of the appellant's brief is directed toward the involvement of the intervenors in the case, claiming that appellant's attorney should have been permitted to represent their interest as well as that of appellant. We are not clear as to the exact manner in which the court is supposed to have erred in this regard. The record discloses no ruling in this respect and it is apparent at a glance that the interest of the intervenors and that of the appellant were diverse. Some argument is made that the trial court erred in allowing the first judge to recuse himself. However, nothing in the record indicates that the

appellant voiced any objection to this action at the time it was taken.

We have reviewed the record and no reversible error has been pointed out in brief.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.