THIGPEN, Judge.
This is a workmen’s compensation case.
John H. Behel sued Kenneth Thompson, Inc. (Thompson Inc.), Kenneth Thompson, individually, and Ronnie Gilchrist (collectively known as “defendants”) for workmen’s compensation benefits, claiming on-the-job injuries which he suffered while working as an employee of the defendants.
In their answers, Thompson Inc. and Kenneth Thompson generally denied Beliefs allegations, and Gilchrist denied that any employer-employee relationship existed between him and Behel. Based on this premise, Gilchrist later filed a motion for summary judgment. In response to Gilchrist’s motion, Behel submitted to the trial court an affidavit, claiming that his injuries occurred while working on a construction site where Gilchrist was the general contractor, and claiming that Gilchrist supplied materials and supervised Behel in the performance of his job. The trial court denied Gilchrist’s motion for summary judgment.
Behel then amended his complaint, alleging that the defendants had no workmen’s compensation insurance and that they were not authorized to operate as self-insurers, and requesting, consequently, that the. penalty of Ala. Code 1975, § 25-5-8, be imposed against them. In his amended answer, Kenneth Thompson stated that he owed no workmen’s compensation benefits to Behel since, at the time of Behel’s accident, Behel was employed by Thompson Inc. Thompson Inc. and Gilchrist amended their answers to allege that. Behel was not entitled to workmen’s compensation benefits since Behel was knowingly violating a reasonable safety rule at the time of his accident.
Following an ore tenus proceeding, the trial court found that Behel sustained an on-the-job injury to his feet and other parts of his body. The trial court entered judgment in favor of Gilchrist and Kenneth Thompson, however, finding that Behel was not their employee, but entered judgment against Thompson Inc. and in favor of Behel. Accordingly, the trial court awarded, inter alia, temporary total and permanent partial disability benefits to Be-hel. Furthermore, the trial court found that, on the date of Behel’s accident, Thompson Inc. had not provided workmen’s compensation insurance for its employees. In accordance with Ala.Code 1975, § 25-5-8(e), the trial court ordered Thompson Inc. to pay twice the amount of compensation which ordinarily would have been payable to Behel.
On appeal, Behel raises the following issues: 1) whether the trial court erred in finding in favor of Gilchrist since Behel alleges that Gilchrist retained and exerted the right to control Kenneth Thompson and Thompson’s employees; 2) whether the trial court erred in finding in favor of Kenneth Thompson since he was the only stockholder and executive officer for Thompson Inc.; and 3) whether the trial court erred by not finding Behel 100% disabled.
We first note that our standard of review in a workmen’s compensation case is .a two-step process. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Initially, we must determine if there is any legal evidence to support the trial court’s findings. If such evidence is found, we then must determine whether any reasonable view of that evidence supports the judgment of the trial court. Eastwood Foods, supra.
According to the record, Gilchrist is a general contractor in the home-building business who operates primarily by hiring subcontractors to actually build the homes. In the instant case, Gilchrist was hired to build a home in Indian Springs, and he subcontracted the building of the framework to either Kenneth Thompson or Thompson Inc. The record revealed that Kenneth Thompson was the only stockholder of Thompson Inc., but the record was unclear as to which entity actually contracted with Gilchrist, and testimony revealed that no written employment agreement existed. Behel was a carpenter who worked on this particular project.
In November 1989, Behel and others at the job-site were pouring concrete into a wall of blocks which was located next to a steep embankment. According to Behel, one of the blocks upon which he was walking broke, and he fell several feet to the *1242 ground, sustaining injuries to his heels and feet.
First, Behel argues that the trial court should have found that Gilchrist was Be-hel’s employer since, according to Behel, Gilchrist admitted that he reserved the right to control Kenneth Thompson and Thompson’s employees.
Normally, the test used to determine whether or not an employer-employee relationship exists for workmen’s compensation purposes is whether the alleged employer held a “reserved right of control over the means and agencies by which the work was done or the result produced, not the actual exercise of such control.” American Tennis Courts, Inc. v. Hinton, 378 So.2d 235, 237 (Ala.Civ.App.1979).
In Ex parte Stewart, 518 So.2d 118 (Ala.1987), our Supreme Court held, however, that the “control” test of American Tennis Courts, supra, is not conclusive in all situations. “For instance, in the case of general and special employers, we have indicated that both the general and the special employer may be liable for worker’s compensation, even though only the special employer actually controlled the details of the employee’s work.” Stewart, supra at 120. (Emphasis in original.) Our Supreme Court then noted that the “finder of fact should concentrate, not solely on control, but also on additional indicia of the employment relationship in determining an employee’s status” and that “a directed inquiry into the actual contract for hire ... would be particularly in order.” Stewart, supra at 121. (Emphasis in original.) Finally, our Supreme Court rejected the idea that source of payment was determinative as to whether the party involved was the employee of another party. Stewart, supra.
Gilchrist testified that his function as general contractor was to ensure that the home was built according to plans which had been prepared by the architects and the owner of the home. He further testified that he never instructed the employees of the subcontractor how to perform a particular job or the manner in which to accomplish it, but he would tell someone if he noticed that certain aspects of the construction were not being built according to plans. Gilchrist stated that any changes which were made because of such noncompliance were not based on his personal decision-making, and he also stated that he would relate these changes to Kenneth Thompson, unless Thompson was not present. Gilchrist testified that, only then would he instruct the subcontractor’s employees. Furthermore, Gilchrist testified that none of his equipment was used by the subcontractor or his employees, he paid none of these employees, and he did not have the authority to hire or fire them. The record contained no employment agreement or contraet-for-hire between any of the parties.
In a deposition taken approximately eleven months before trial, Behel testified as follows when questioned by Gilchrist’s attorney:
“Q. The day you got hurt, who were you working for?
“A. Kenneth Thompson.
“Q. How long had you worked for Mr. Thompson?
“A. I’ll say it was around four years.
[[Image here]]
“Q. Was Mr. Thompson the one that always paid you?
“A. Yes, sir.
“Q. Is he the one that always told you what to do?
“A. Yes, sir.
“Q. Is he the one that always laid out your instructions and so forth?
“A. Yes, sir.
“Q. And on this job the same thing applied?
“A. Yes, sir.”
Thereafter, in response to Gilchrist’s motion for summary judgment and again at trial, Behel attempted to claim that he was the employee of Gilchrist, also. We are unpersuaded by Behel’s characterization, however, and find that there was legal evidence to support the trial court’s finding that Behel was not an employee of Gilchrist. Furthermore, we determine that a reasonable view of this evidence supports the judgment of the trial court. Eastwood Foods, supra.
*1243 Second, Behel questions whether the trial court erred in finding in favor of Kenneth Thompson. In his argument, however, Behel does not contend that the trial court should have found him to be the employee of Kenneth Thompson. Instead, Behel argues that the trial court should have “pierced the corporate veil” of Thompson Inc. and therefore, since Kenneth Thompson is its only stockholder, held Kenneth Thompson personally liable. Be-hel asserts that, unless personal liability is assessed, the trial court’s judgment is inequitable since Thompson Inc. is entirely devoid of assets and, consequently, it is unable to pay Behel’s benefits. In reviewing the record, however, we note that Behel did not raise this issue below and, therefore, the trial court made no determination as to its validity. Therefore, we cannot consider it for the first time on appeal. Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala.1990).
In his final issue, Behel argues that the trial court erred in not finding him to be 100% disabled. We note, however, that Behel appealed against Gilchrist and Kenneth Thompson only, and that he did not appeal against Thompson Inc., the party against whom judgment was rendered. Accordingly, we will not review the trial court’s finding of Behel’s disability. Simmons v. Clark Equipment Credit Corp., 554 So.2d 398 (Ala.1989); Jemison v. Brown, 281 Ala. 281, 202 So.2d 44 (1967).
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.